ALBANY,
August, 1806.

Mills
v.
Kennedy.

## Mills *against* Kennedy.

Any constable of the county, may serve process under the $25 act, in any part of the county.

THIS cause came before the court on a *certiorari*. The defendant below, brought his action against the present plaintiff in error, a constable of the town of *Johnstown*, in the county of *Montgomery*, for not levying certain executions at the suit of the plaintiff below, and delivered to him to be executed, within twenty days after receiving the same, and for not paying the debts and costs, in ten days thereafter to the plaintiff, in the manner required by the act, " for the more speedy recovery of debts to the value of twenty-five dollars."[*] The executions were directed to the constables of the different towns in which the defendants resided, and not to the constable of *Johnstown*; but were delivered to the defendant below to be executed.   The justice who issued the excutions, was removed from office three days after they were issued.   It was proved, on the trial below, that all the defendants had sufficient personal property to satisfy the executions if they had been levied, and that before the expiration of thirty days, *Mills* left the executions at the house of the justice who was then out of office, with a memorandum that he could find neither the property or persons of the defendants, but no return was indorsed on them.   The court below gave judgment against the present plaintiff in error, for the amount of the executions so delivered to him to be executed.

[*] *Laws of N. Y.*
vol. 1. p. 500.
sec. 15.

*Cady*, for the plaintiff in error.
*Hildreth*, contra.

*Per Curiam.* By the 17th section of the act, any constable may serve process under that act, and the liability created by the 15th section, must be considered as coextensive with the power of the officer to execute the process. It appears in regard to one of the executions, that the defendant below was clearly in default, for no cause was shown why he did not levy and collect the money. As to the other executions, the evidence does not appear sufficient to charge him; but the excess of damages here, is too small to justify our interference, on the ground of the insufficiency of the evidence to support it, even if we could affirm a judgment in part, given under the 25 dollar act; but on that point we give no opinion. The judgment must be affirmed.

Judgment affirmed.