D. W. CRAIG, Appellant, *v.* JOSEPH MOSIER, Respondent.

*Appeal from Marion County.*

1. The recorder of the city of Salem is *ex officio* a justice of the peace within the city limits.
2. Construction of section 883 of the Code as applicable to such officer.

CRAIG sued Mosier on an account for thirty-eight dollars. The action was brought before C. N. Terry, recorder of the city of Salem, county of Marion, and *ex officio* justice of the peace.

Craig resides within the city of Salem, Mosier within the precinct of Abiqua, in the same county. Service was exe-

cuted by Wiley Chapman, as city marshal and constable. Defendant made default, and judgment was rendered for Craig for thirty-eight dollars. Defendant then sued out a writ of review, and in the Circuit Court obtained a reversal of that judgment, and Craig, plaintiff below, appealed.

*Bonham & Lawson,* for appellant:

1st. The charter of Salem made the recorder a justice of the peace within the city of Salem.

2d. As such justice he had jurisdiction hereof. (*Ryan* v. *Harris,* 2 *Oregon,* 1866; *art. 4, sec. 23, Constitution of Oregon; Howard's N. Y. Code,* 49, 85.)

*Williams & Willis,* for respondent:

That defendant did not reside within the limits of the city of Salem, and was not found therein.

WILSON, J. This court has decided in the case of *Ryan* v. *Harris,* 1866, that the legislative assembly could rightfully make the recorder of a city a justice of the peace within the city limits and the only question presented here is, did such creation place him within the general provisions of law relating to justices of the peace, and give him as ample jurisdiction? By Statute, *amended section* 883, *Laws of* 1865, *page* 40, except for the recovery of a penalty or forfeiture, "the jurisdiction of a Justice's Court does not depend upon where the cause of action arose, *provided,* that the plaintiff or defendant shall reside in the precinct where the action is commenced; or, personal service can be had on the defendant in any precinct in the county, and if the defendant do not reside in the State, the action may be commenced in any precinct in the State." If the recorder became invested, by act of the legislature, with full jurisdiction as a justice of the peace, then there is no doubt that this action was properly brought and determined. It becomes a mere matter of construction of the section 883.

Craig v. Mosier.

In granting charters to cities, and in creating municipal corporations, the legislative assembly do not intend to sever the political relations already existing, that a city within a county is now, territorially and politically, as formerly, a part of the county, still liable for its share of the public burden, and only obtains certain local rights, such as better improvement of highways, more protection against danger and damage from fire, disease, violence, etc., with the power to pass local laws applicable to the new State, not inconsistent with general ones. So its officers are local in their jurisdiction; they exist because of the charter, where that fails they cease. Within the prescribed boundary, the incumbents of those offices are clothed with sufficient authority to exercise fully the powers, and perform all the duties thereof, and no more. The legislature can confer upon the city recorder the powers of a justice of the peace, and his duties will be perfectly consistent with both offices, but these powers only exist within such territorial limits as are given to him as recorder. These *quasi* special laws are to be construed strictly. They change existing states and conditions, institute new relations, and must be subject to the construction consequent to laws thus operating.

We think he is a justice of the peace only by reason of a municipal constitution; when he ceases to be recorder, he is no longer a justice of the peace. When he resigns the office of recorder, he need not resign that of a magistrate. He performs the duties of a magistrate only where he may act as recorder.

Suppose, as is often the case, that a city is created out of parts of several counties. These counties have governments independent of each other; the officer of one has no authority in the other, except as may have been expressly and specially provided. The residents in that city may each easily carry on the relations to their respective counties, and assume those consequent upon the municipal condition. The recorder of such a city would, under the construction

claimed by appellant, be a justice of the peace, with a jurisdiction extending over several counties, and co-extensive with their limits. Such an office is inconsistent with the general law. His residence within the city is in one of these counties; he could not vote for the county officers in the others; he is not liable to general taxation save in his own. By reason of the city charter he enters into new relations with citizens of other counties; is interested in, and liable to provisions and laws affecting, alike, territory in these counties; but this is only because of the charter. We think the charter was intended to restrict the authority of a recorder, as a justice, to the city limits. When a person resides or comes within the corporate limits, he becomes for the time being subject to the local laws in force there; may be prosecuted for riding upon the sidewalks; be served with any process authorized by law; be sued before any officer having jurisdiction, and have the judgment enforced against him.

With this construction, the process, issued by the recorder in this case, was inoperative in Abiqua precinct, and would not compel the appearance of Mosier. Mosier had not placed himself within the jurisdiction of that officer any more than would a citizen of Polk county, in an action before a magistrate in Marion county, when he had never crossed the Willamette river eastward.

It is not necessary to say anything about the service of the summons. The marshal had no greater jurisdiction in his service than had the recorder over the case.

The recorder is only justice of the peace within the city limits, and the court below properly interpreted his authority.

Judgment is affirmed.