# TAYLOR *v.* JENKINS.

JURISDICTION OF JUSTICE'S COURT—SERVICE OF SUMMONS.—A justice's court has jurisdiction, without regard to the residence of the parties, when personal service of the summons is made on the defendant in any precinct in the county, although such precinct is not the one in which the action is brought. Such service may be made by the constable of the precinct in which the action is brought.

APPEAL from Coos County.

*William R. Willis*, for appellant.

*S. H. Hazard*, for respondent.

By the Court:

This appeal is from a judgment of the circuit court annulling a judgment of the justice's court and directing restitution in a proceeding upon a writ of review.

The action in which the vacated judgment was rendered

was commenced in Coquelle City precinct, but the constable's return simply shows personal service of the summons in the county.

There is nothing in the record showing the residence of either party to have been in the precinct where the action was begun.

Judgment was rendered on default. The only important questions for this court to pass upon arise from these facts.

Applying the well settled rule with regard to the records of inferior courts and the questions presented are:

1. Whether a justice's court without regard to the residence of the parties to an action commenced in it, acquires jurisdiction to render judgment by personal service of the summons on the defendant in any other precinct in the county than that in which the action is brought.

2. Whether service of the summons in such action by the constable of the precinct in which such court is holden in any other precinct in the county, is valid.

The views expressed in the opinion of this court in *Craig* v. *Mosier*, 2 Or., 323, and *Sloper. and Kelso* v. *Cary*, 9 Or., 511, if adopted here would require each of these questions to be answered in the affirmative. But in neither case were these points directly involved, and consequently neither has any binding force as a precedent.

The views so expressed, however, appear to be entirely sound. The decision of the questions presented by the record here must be determined by the construction of section 883 of the civil code, and section 9 of the justice's code.

Section 883 had been amended when this action was begun. The changes thus made in the section as originally enacted are extremely significant, and the intention of the legislature very clearly expressed. Under the original section, the justice's court had jurisdiction where the defendants, or either

of them, resided in the precinct where the action was brought. (Civil Code, 1864.)

But, under the section as amended, jurisdiction exists where either party resides in the precinct where the action is commenced, or the defendant is a non-resident, or where personal service of the summons is obtained in any precinct in the county. (Civil Code, 1872.) The general purpose to enlarge the jurisdiction is apparent throughout the amendment, and the language denoting the enlargement in the last mentioned case is quite clear and explicit.

There is no rule of construction which would justify a restricted interpretation of the general terms in which the jurisdiction is conferred, and no good reason is apparent for not allowing them a fair and full operation.

Section 9 of the justice's code authorizes the service of a summons from a justice's court by the constable of the precinct in which the court is held.

The foregoing observations equally apply here. The power conferred is general and without any express limitation, and no ground for implying any can be perceived.

But the power to serve generally must be construed as coextensive with the jurisdiction of the court acquired by such service itself. (Crocker on Sheriffs, 1019; *Wells* v. *Kenedy,* 1 John., 502: *Gurnsey* v. *Lovell,* 9 Wen., 322; *People* v. *Gary,* 6 Cow., 644.)

This court holds, therefore, that the record of the justice's court showed jurisdiction and a valid judgment. The judgment of the circuit court should be reversed.