[Filed June 8, 1885.]

## CHARLES E. KIRK v. ED. MATLOCK.

REPLEVIN—VERDICT.—Where in an action for the recovery of personal property the plaintiff fails to allege the place from which the property was taken, the defect is cured by verdict.

ID.—JURISDICTION OF JUSTICE'S COURT.—Justices' Courts have jurisdiction of actions of replevin where the value of the property and the damages claimed do not exceed $250, and such jurisdiction does not depend upon where the cause of action arose, provided the plaintiff or defendant reside in the precinct where the action is commenced, or service be had upon the defendant within the county, or where the defendant does not reside in the State.

UMATILLA COUNTY. Defendant appeals. Affirmed.

*Turner, Bailey & Balleray,* for Appellant.

*Geo. W. Wright, Cox & Minor,* and *Wm. M. Ramsey,* for Respondent.

LORD, J.—This is an action brought in a Justice's Court for the recovery of certain personal property. The complaint did not allege the place from which the property was taken. No objection was made to this in any form, but the defendant filed his answer, and upon issue being joined the trial proceeded, resulting in a verdict and judgment for the plaintiff, from which the defendant appealed to the Circuit Court. Before proceeding to trial in the last-named court, the appellant filed a motion for judgment of dismissal, upon the ground that the facts stated did not show that the court had jurisdiction of the subject of the

action. At the same time, the respondent filed a motion for leave to amend the complaint by adding the allegation of place omitted. The court allowed the motion to amend, and disallowed the motion to dismiss. Thereupon the appellant refused to plead, and the court ordered a default to be entered, and pro- ceeded to hear said cause for the purpose of assessing damages, which, without further detail, resulted adversely to the appellant. The appellant insists that the omission to allege in the complaint the place where the property was taken and located was fatal to the jurisdiction of the court, and that the court erred in allowing the motion to amend, and overruling his motion for judgment of dismissal. Originally the action of replevin lay only for goods distrained, and as the right of distress, which the action was intended to contest, was at common law local, this would seem to furnish the reason for holding the action to be local. However this may be, there can be little doubt but that the action of replevin at common law was treated as local, and that the action had to be brought in the county where the property was seized and located. (*Williams* v. *Welch,* 5 Wend. 290; *Atkinson* v. *Holcomb,* 4 Cowen, 45; *Robinson* v. *Mead,* 7 Mass. 353; 1 Chitty Plead. \*499.) The place was material and traversable, and if it be omitted the defendant may demur. (*Walton* v. *Kersop,* 2 Wils. 354.) But the omission to state the place in the declaration where the property was seized and located may be cured by verdict. (*Gardner* v. *Humphrey,* 10 Johns. 54; 2 Chitty Plead. \*843, n. *h.*) If the defendant pleaded *non cepit,* and the plaintiff cannot prove a caption, or that the defendant had the cattle, etc., in the place stated in his declaration, he will be nonsuited. (2 Chitty Plead. \*843, n. *h.*) This is in conformity with the general principle as stated, that " a defect in a pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict." (Proffatt Jury, § 419.)

The omission, therefore, to allege the place where the property was seized and located was cured or supplied after verdict and judgment, when the defendant pleaded over without making any objection. The Code provides, upon an appeal from a Justice's Court, the action shall be tried anew upon substantially the issues tried in the court below. (Code, § 533.) If the effect of the verdict and judgment in the Justice's Court was to cure the defect now complained of, or supply its omission, the Circuit Court, for the purpose of trying the case substantially upon the issue joined upon the record before it, was authorized to treat the omitted allegation as supplied or waived by the defendant. What difference then could there be in allowing the respondent to do what the record showed the verdict had cured, or the defendant had waived. The amendment allowed by the court did not change the issue tried in the Justice's Court, as proof of the omitted fact was essential to the verdict and judgment as rendered in that court. In furtherance of justice, and upon such terms as may be just, the Circuit Court was authorized to allow the pleadings in the action to be amended so as not to substantially change the issue tried in the Justice's Court. (Justice's Code, § 80, p. 473.)

Treating the case thus far upon the assumption that the action was local, as argued by counsel for the appellant in this court, we do not perceive that there was any error. But is this assumption true as applied to a Justice's Court? For the recovery of personal property distrained for any cause, the Code provides that the action shall be commenced and tried in the county in which the subject of the action, or some part thereof, is situated. (Civ. Code, § 41, subd. 2.) And as the mode of proceeding and the rules of evidence are the same in a Justice's Court as in a like action or proceeding in a court of record, this section applies to a Justice's Court, unless otherwise specially provided by the Code. (Civ. Code, § 880.) For the recovery of specific personal property, when the value of the property claimed and the damages for the detention do not exceed $250, a Justice's Court has jurisdiction of the action (Civ. Code, § 881, subd. 1), but with the limitations stated. The jurisdiction of a

Justice's Court does not depend upon where the cause arose, provided that the plaintiff or defendant shall reside in the pre-cinct where the action is commenced, or personal service can be had on the defendant in any precinct in the county; and if the defendant do not reside in the State, the action may be commenced in any precinct in the State.    (Code, § 883.)

Plainly, there was no error, in any view which may be applied to the record before us.    The judgment must be affirmed.