*[Filed January 24, 1887.]*

## THÔMAS MOORHOUSE *v.* R. W. DONACA AND E. R. COX.

REPLEVIN—LOCAL ACTION—PLEADING—DEMURRER—EVIDENCE.—The action of replevin is local, under our statute. A complaint in such an action, which only alleges a wrongful taking within the county in which the action is brought, is bad on demurrer, but in the absence of such objection is sufficient to support evidence of the situs of the property at the time when the action was commenced.

ERROR—WHEN NOT CAUSE FOR REVERSAL.—A cause will not be reversed for an erroneous instruction which was outside the issues made by the pleadings, and in favor of the party complaining.

DEMAND—WHEN UNNECESSARY.—Where personal property is wrongfully taken from the possession of the owner, no demand is necessary before beginning an action for its recovery.

Instruction—Error in Date—Presumption.—Where, in an action begun on the 15th day of November, 1884, the court instructs the jury that if they find that the property was the property of the plaintiff on the 3d day of November, 1884, * * * they should find for the plaintiff, and where no claim of right is made by the defendants, the discrepancy will not be deemed material; and if the plaintiff owned the property a few days before the action was commenced, it will not be presumed that such ownership had ceased at the time the action was commenced.

Admission in Pleadings—Instruction.—In an action of replevin against two defendants, where a joint taking and a joint detention are admitted by the answer, it is not error to refuse to instruct the jury that the evidence fails to establish any cause of action against one of the defendants.

Umatilla County.

L. B. Cox, for Appellants.

J. J. Balleray, for Respondent.

Strahan, J.—This action was commenced in the justice's court for Western Precinct, in Umatilla County, on the 15th day of November, 1884, to recover one twelve-foot Hodge Oregon Header, of the value of $200, and $50 damages for the wrongful detention. The plaintiff recovered a judgment before the justice, from which judgment an appeal was taken to the circuit court; and at the November term, 1885, said appeal was, by order of said court, dismissed; from which last named judgment an appeal was taken; and upon such appeal this court reversed the judgment of the circuit court (13 Or. 435), and remanded the cause for trial. Upon such trial being had before a jury, the plaintiff again had judgment, from which judgment this appeal is taken.

The complaint states in substance, that heretofore, in Umatilla County, Oregon, to wit, on the 3d day of November, 1884, plaintiff was and now is the owner of and entitled to the immediate possession of the following article of personal property, to wit, one twelve-foot Hodge Oregon Header, of the value of $200; that on or about the 3d day of November, 1884, defendants wrongfully and unlawfully took possession of said header, against the will of the plaintiff, and still wrongfully and unlawfully hold the possession of said header, to the damage of the plaintiff in the sum of fifty dollars; that before the

commencement of this action, to wit, on the 14th day of November, 1884, plaintiff made a demand in writing of R. W. Donaca, one of the above named defendants, to return said header; but to return the same the defendants refused, and still refuse, to do. Then follows the usual prayer for judgment in such case. The defendants' answer is substantially as follows :

Come now the above named defendants, and answering the plaintiff's complaint herein filed:

Deny, that heretofore, in Umatilla County, Oregon, or in any other county or state, or any other place, on the third day of November, 1884, or at any other time, or at all, the plaintiff was, or is now, the owner of, or entitled to the immediate or any possesion at all of the property described in his complaint herein filed; defendants deny that on or about the third day of November, 1884, or at any other time, or at all, the defendants, or either of them, *wrongfully or unlawfully* took possession of said property described in plaintiff's complaint as one twelve-foot Hodge Oregon Header; or that they, or either of them, *wrongfully or unlawfully* hold possession of said header. Defendants deny that said header is worth, or is of the value of, two hundred dollars, or any greater sum than one hundred dollars; defendants deny that by the alleged wrongful and unlawful taking and detention of said header the plaintiff is damaged in the sum of fifty dollars, or any sum at all.

The defendants aver that they have no knowledge or information sufficient to form a belief as to whether, before the commencement of this action, to wit, on the 14th day of November, 1884, or at any other time, or at all, the plaintiff made a demand, in writing or otherwise, of R. W. Donaca, one of the above named defendants, to return said header; and they therefore deny the same.

Wherefore, the defendants demand judgment against the plaintiff for their costs and disbursements.

Upon the trial, many exceptions were taken by the appellant, but we will only notice such as we deem material. There was but one exception taken to the evidence offered on the part

of the plaintiff.    Plaintiff's counsel asked a witness where the property in controversy was at the time the action was commenced.    The objection was, that there was no allegation in the complaint as to where the header was, or that it was in Umatilla County ; but the objection was not well taken, and the court committed no error in allowing the witness to answer.    The action is local, and must be prosecuted in the county where the property is detained.    This is the common law rule, as well as the plain requirement of the statute.    (Civil Code, Sec. 41.)    The complaint alleges the wrongful taking in Umatilla County.    It is an argumentative statement of a material fact.    It does, in some sense, tend to fix the situs of this property in the county about the time the action was commenced.    It is not direct and certain, it is true ; nor would the complaint be good if attacked by demurrer ; but in the absence of any objections to the pleading on this ground, the court did not err in admitting evidence to prove that said property was in Umatilla County when the action was commenced.

The court gave to the jury the following instruction, to which appellants excepted :  " If you believe and find that Wurtsbaugh was the attorney of Knapp, Burrill & Co., or their agent, and he induced the plaintiff to remove his said mortgage (from the files of the county clerk), then, as to Knapp, Burrill & Co., the lien of the plaintiff's mortgage was not destroyed by the act of the plaintiff's removing."

Before considering this assignment of error, a correct understanding of the issues to be tried, and what facts are admitted by the answer, is necessary.    All of the material allegations of the complaint are denied, except that the answer admits defendants took the property ; but they deny that said taking was wrongful or unlawful.    So, also, the answer admits that the defendants hold possession of said header, but they deny that such holding of possession is wrongful or unlawful.    This is the legal effect of the pleading as it stands.    The defendants set up no claim to the property in controversy, nor any right whatever to detain the same, nor do they allege any excuse.

XIV. OREG.—23.

or justification for the admitted taking. Under this state of the pleadings, it is difficult to perceive on what ground the appellants can be heard to complain of the rulings of the court in their favor, outside of the issues to be tried. It may be conceded that some of the instructions given by the court would have been open to the objections urged against them by the appellants, if the pleadings had presented the issues which they sought to try; but where the pleadings are entirely silent as to those facts, and the instructions complained of were given in the interest of the appellants and outside of the issues, we cannot reverse the judgment on the complaint of the party in whose favor the error was committed. We have more than once announced during the present term, that a party must recover, if at all, according to the facts stated in his pleading. In *Boardman* v. *Griffin*, 52 Ind. 101, the rule is thus stated: " In such cases," *i. e.*, where the cause is tried by the court, " as well as in all others, the parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata*, or not at all. It must be so in the nature of things, so long as our mode of administering justice prevails. It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his ground of defense, if, on the trial, either or both might abandon such grounds, and recover upon others which are substantially different from those alleged."

So, in *Terry* v. *Shively*, 64 Ind. 106, it is said: " In the trial of the cause, and in determining the proper verdict, both the court and jury were bound and limited by the allegations in the pleadings, and the issues thereby presented."

So, also, in *Mossman* v. *Bender*, 80 Mo. 579, it was held that instructions based on a defense not raised by the answer, or on facts stated therein not constituting a defense, were properly refused.

There was, therefore, no error in the instruction that injured the defendants, or of which they can complain. And for the like reasons we cannot examine the various instructions given by the court in relation to the official character of Donaca, or

the process under which he acted.   These instructions were all outside of the issues, but they were in the interest of the defendants, who cannot complain because the court did not go further in their behalf.   The sixth instruction was excepted to, and is as follows:

" 6. If the jury find that the machine was the property of the plaintiff, either general or special, and that it was wrongfully taken from his possession by the defendants, within Weston precinct, this county and state, you should find for plaintiff."

No specific objection to this instruction was suggested upon the argument, and we think that under the facts disclosed by the bill of exceptions the instruction was correct.

The seventh instruction, also objected to, is as follows:

" 7. And if the jury find that the property was that of plaintiff, and that it was taken by defendant Donaca, and that a demand for the return of the same was made on defendant Donaca while the property was in his possession, and that he failed to return the same, and you also find that the property was within Weston precinct, Umatilla County, Oregon, at the time this action was commenced, you should find for plaintiff."

This instruction was more favorable to the defendants than they had a right to ask or expect.   If the property was the property of the plaintiff, and it was taken by the defendants Donaca and Cox, as admitted by the answer, and such taking was wrongful, then no demand was necessary.   And the same remark is applicable to the tenth instruction, which is as follows:

" 10. If you find that the property was the property of the plaintiff Moorhouse, on November 3d, 1884, and that the defendants took it; that demand was made on defendants for its return, and that they failed to deliver it ; you must then determine the value of the property, and the damages sustained by the plaintiff by reason of the taking, and award him a verdict therefor."

In addition to this, some objection was made on the argument by counsel for appellants, on the ground that there was a

slight discrepancy between the date specified in this instruction and the day the action was commenced; but we think, in the absence of any claim of right whatever on the part of the defendants, that this objection cannot prevail. Besides, if it is shown that the plaintiff owned this particular property a few days before this action commenced, this court will not presume that such ownership had ceased at the time the action was commenced. Error will not be presumed, but must be made to affirmatively appear.

The only instruction asked on the part of the defendants, to which an exception was taken, was the following:

"The jury are instructed that the evidence fails to establish any cause of action against the defendant E. R. Cox, and they must, therefore, return a verdict for said defendant Cox." Substantially, all the evidence offered upon the trial is in the bill of exceptions, and in such case we might review the action of the court in refusing this instruction. But in this case both a joint taking and a joint detention are admitted by the answer, and no excuse or justification is alleged. Under this state of the pleadings, there certainly was some evidence before the jury which enabled them to find the verdict against Cox.

It is assigned for error, that the form of the verdict is insufficient to authorize a judgment. Omitting the formal parts, the verdict is as follows: "We, the jury in the above entitled cause, find for the plaintiff that he is entitled to the possession of the header mentioned in the complaint, and that the value thereof is $140."

Under the facts disclosed by this record, the verdict finds all the facts required by section 211 of the Civil Code. The property had not been delivered to the plaintiff, nor did the defendants, by their answer, claim a return thereof. In such case, if the verdict is in favor of the plaintiff, the jury shall assess the value of the property. The verdict is silent as to damages, but this is an omission of which the defendants cannot complain. It did them no injury.

Two juries have found in favor of the plaintiff, and there is no reason to believe that the defendants have not had a fair

trial. In any view they were allowed a wider latitude in making their defense than they were entitled to under the pleadings. We therefore affirm the judgment.

THAYER, J., concurring.—The respondent commenced an action in the justice's court for Weston Precinct, Umatilla County, to recover the possession of one twelve-foot Hodge Oregon Header. The substance of his complaint was, that in Umatilla County, on the 3d day of November, 1884, and at the time of filing the complaint, he was the owner of and entitled to the immediate possession of the header; that on or about that time the appellants wrongfully took possession of it; that he demanded its return, but that they still held it, to the damage of respondent in the sum of fifty dollars. The appellants denied the complaint, and the case was tried upon this issue; and the justice's court rendered judgment for the respondent, from which the appellants appealed to the said circuit court.

Upon the trial in the latter court, the respondent gave evidence tending to prove that one C. H. Reis was the owner of the header, and that respondent had a chattel mortgage upon it executed to him by Reis in the sum of $225, to secure a debt upon a promissory note the respondent held against Reis; that Reis was at the same time indebted to the appellant Cox upon a note of about ninety dollars, upon which respondent was surety; that the respondent made an arrangement with Cox, through their respective attorneys, to the effect that Cox would not collect the ninety dollar note from respondent, but that the latter should release the chattel mortgage, and the former would attach the header upon it, and by that means secure the payment of the said note; that in pursuance of such arrangement, the respondent sent to the clerk's office of said county, and took his chattel mortgage against the header off the files; but that Cox, instead of proceeding against it upon the note upon which the respondent was surety, began a suit against Reis upon another note he held against him that was unsecured, and had an attachment issued and levied upon the

header in that suit; and subsequently, having recovered judgment in the suit, an execution was issued thereon, and the header sold by virtue thereof; but after the attachment had been levied, and long before the rendition of the judgment last referred to, the action herein was commenced; and the taking and detention of the header under the attachment are the same taking and detention alleged in said complaint before referred to.

It appears that the appellant Donaca was a deputy of the sheriff of the county, and that he served the said attachment; that the suit in which the attachment issued was in favor of Knapp, Burrill & Co. against said Reis and Cox, upon a note the latter had taken from Reis in favor of Knapp, Burrill & Co.; that he had sold machinery for that company to Reis; that it was a rule of the company that when their agents sold a machine, they should endorse the notes taken for it; and that he had so endorsed the note upon which the suit was brought, which accounted for his being a party defendant to it; that when the header was seized under the attachment, Donaca desired to put it under cover, and Cox had the only shed in Centreville in which it could be put; accordingly, Donaca took it there and put it under his shed.

These appear to be the outline facts of the case. It was tried in the circuit court by a jury, who returned a verdict in favor of the respondent, that he was entitled to the possession of the header, and that its value was $140, which is the judgment from which the appeal is taken. The case appears to have been a very simple one, yet the circuit court seemed to think that it was necessary to give a great number of instructions to the jury; at least, the judge gave in all thirty-one, which are about twenty-eight or nine more, I should think, than were required. The main question for the jury to consider was, whether the arrangement between the respondent and Cox was entered into, as claimed by the former. If Cox induced the respondent to withdraw his chattel mortgage from the files, under the assurance that he would have the header attached upon the note of Reis to Cox, upon which the respond-

ent was surety, and in place of doing that had the suit in favor of Knapp, Burrill & Co. instituted, and the header attached in that suit; it was a fraud upon the respondent, and did not deprive him of the benefit of his chattel mortgage; that was the gist of the case, and about the only question for the jury to determine.   There was no difficult question about the detention, if the other issue were found in the respondent's favor.  Cox was evidently attempting to appropriate the header for his own benefit; was trying to have it applied upon a debt upon which he was liable; and Donaca had the header, holding it, and did not attempt to justify, under the writ of attachment.   The conditions of the mortgage having been broken, the respondent was entitled to the immediate possession of the property under the statute, and to recover the possession of it in the manner provided for the recovery of the possession of personal property by action.   (Misc. Laws, Chap. 39, p. 688.) The appellant's counsel contends that the complaint in the action was totally defective, in not alleging that the property was situated in said county of Umatilla.   I think that the action to recover the possession of personal property is local, beyond doubt, and that the complaint should show that the property was situated in the county where the venue is laid; but a defect of that character is ordinarily cured by verdict.  The complaint in this case did not allege that the header was in Umatilla County, though that fact was inferable from the complaint. The language, " that heretofore, in Umatilla County, Oregon, to wit: on the 3d day of November, 1884, plaintiff was and now is the owner of," etc., would imply that the header was in that county.   At least, when the question was not raised by the pleadings, it would be so inferred after verdict.   (*Kirk* v. *Matlock*, 12 Or. 321.)

If a defendant in such an action desires to raise a question of that character, he should do so by demurrer; and if that is overruled, he must stand upon it and not answer over, otherwise he will waive the point.   When such a question is raised for the first time upon the trial, it is the duty of the trial court to allow an amendment, as a matter of course.   It

would not be a case where a party could be misled by an amendment. Should it appear, however, upon the trial, that the property sought to be recovered was not in the county when the action was commenced, it should be dismissed. The aim of the code was to do away with technical objections; an error or defect that does not prejudice the rights of a party should be disregarded. The code says it shall be, and it ought to be, upon general principles. The complaint in this case was not defective in the sense that a material allegation is omitted—an allegation essential to the cause of action. The complaint contained a good cause of action, though it contained no direct allegation that the property sought to be recovered was within the county when the action was commenced; but that did not deprive the court of jurisdiction. Jurisdiction depended upon the fact, and not upon the omission to.allege it. The error was in the form of the pleading, and that could be waived, although the fact itself could not. If the complaint had shown upon its face that the property was, at the time of filing it, in some other county, the rule would be different. There the objection would be incurable; but where it is merely silent upon the subject the court will presume, after verdict in favor of the plaintiff, that the evidence developed the fact that the property was within the county. Here the respondent sought to show the situation of the property—to show that it was within the county—and the appellant's counsel objected to the proof; but his objection was untenable, unless he could show that he had been misled, and such a consequence was impossible; he could not have been misled under the circumstances. The court had a right to make the inquiry as to the location of the property, for its own protection. It had a right to know whether it had jurisdiction or not of the case. I cannot see that there was any error upon that point.

The appellants' counsel also contends that some of the instructions were erroneous. That there were altogether too many of them is apparent, but they seem to have been as favorable, if not more favorable, to the appellants than to the respondent. A number of them are loose statements of propo-

sitions which, standing by themselves, would be liable to mislead a jury; but taking the whole of them together, the jury must have understood that if the mortgage were taken from the files, under the circumstances claimed by the respondent, were a valid instrument; that the property had been demanded and a delivery of the possession of it been refused, the respondent was entitled to recover possession of it. After the conditions of the mortgage were broken, the respondent became the owner of the property, for the purpose of recovering possession of it, if not for every other purpose. Mr. Pomeroy says: "Upon a breach of the condition contained in the mortgage, the legal title vests so completely in the mortgagee, that all the rights incident to ownership and possession in law at once arise." (Pom. Eq. Jur., Sec. 1229.) The appellants had no right to detain it after the respondent demanded it. If the appellant Cox had been an indifferent party, and the header had been placed under his shed in the manner claimed, it would have required a direct demand from him of the possession of it, and a refusal upon his part to deliver it, before he could have been charged with a wrongful detention; but under the circumstances, slight acts upon his part would be sufficient to make him liable. Donaca being a deputy sheriff did not authorize his holding the property when demanded from him; nor was the property in the custody of the law, as one of the instructions of the court would imply that it might have been. The attachment in favor of Knapp, Burrill & Co. only bound Reis' interest in the header. It gave no greater right of possession of the property to the parties proceeding under the attachment than Reis had, and he had no other right than that of mere sufferance. Whenever the respondent demanded it, he was obliged to give it up to him.

Upon a full examination of the whole case, I am unable to discover any such error as would justify a reversal of the judgment. I think the evidence tended to show that the appellants detained the property from the respondent, and it is not the province of this court to determine its sufficiency. The instructions may be justly criticised; nor would they, if segre-

gated, stand the test of the law.   The second one by itself is faulty, but in connection with the first one, that is, both together, I think are correct.   So, too, with the seventh, but taken with the tenth the two would be regarded good.   The case seems to have been tried without a clear and concise notion of the rights of the parties, but I cannot see that any substantial error was committed.   The material issue, as before suggested, was, whether or not the respondent was induced to withdraw his chattel mortgage upon the header from the files by an assurance upon the part of Cox, who was agent of Knapp, Burrill & Co., that he would proceed and attach it upon the note against Reis, upon which the respondent was an endorser ; and the evidence is quite strong that such an arrangement was made with respondent, and effected through Cox and Knapp, Burrill & Co's attorney.   In that case the latter company could not gain a preference upon their note upon which the action was brought, and in which the attachment issued.   I think the jury must have understood from the instructions that it was necessary to find that such was the arrangement, in order to find for the respondent.   Some objection was made by the appellant's counsel to the form of the verdict ; but I do not think it tenable. The verdict seems to be in the form required by section 211 of the civil code.

I think the judgment will have to be affirmed.