## PIERCE v. ROCK CREEK MINING COMPANY.

[ 61 Pac. 348.]

JUSTICE'S COURTS—SERVING SUMMONS IN ANOTHER COUNTY.

A summons issuing out of a justice's court must be served on the defendant within the county where the court sits: *Taylor* v. *Jenkins*, 11 Or. 274, and *Kirk* v. *Matlock*, 12 Or. 319, followed.

From Baker: ROBERT EAKIN, Judge.

Writ of review by Charles M. Pierce against the Rock Creek Gold Mining Co. and another to vacate a judgment of a justice of the peace. From a judgment in favor of plaintiff, defendants appeal.     AFFIRMED.

For appellant there was a brief over the names of *Will R. King* and *F. M. Saxton*, with an oral argument by *Mr. Saxton.*

For respondent there was a brief and an oral argument by *Messrs. Chas. A. Johns, Frank L. Moore,* and *A. D. Stillman.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is a proceeding by writ of review prosecuted for the purpose of reviewing the judgment of the Justice's Court for District No. 1, Baker County, Oregon, in a cause instituted therein June 7, 1898, wherein the Rock Creek Gold Mining Co. was plaintiff, and said Pierce was defendant, to determine the right of possession to a certain quartz mine, for which the plaintiff herein was seeking to obtain a patent from the general government. The plaintiff had filed or made the necessary application to the proper officer of the land office at La Grande, Oregon, for a patent, and the defendant mining company, having filed an adverse claim, instituted the action for the purpose of determining the right of possession, as required by the Revised Statutes of the United States (sections 2325, 2326). The summons was served in Union County upon Pierce, who appeared specially, and moved the court to quash and set aside the service because it was made in a county other than that in which the court was held. The motion was overruled, and, after some other proceedings not material to the question involved here, judgment was given by default in favor of the mining com-

pany for possession of the claim, which judgment having been annulled by the circuit court upon the review, the defendants herein appeal.

The solution of the question first raised upon the record, as to whether a justice's court acquires jurisdiction in a possessory action for a mining claim by service of the summons in a county other than that in which the court is held, is decisive of the controversy. The matter is governed wholly by statute, wherein we find no authority for the service. By Section 2175 of Chapter XIII of the Civil and Criminal Procedure in Justices' Courts, such courts are accorded jurisdiction of actions to recover the possession of mining claims situate within the county where the court is holden, but the provisions governing the acquirement of jurisdiction are the same as obtain in respect to other civil causes instituted therein. These are found in Sections 910 and 2061 of Hill's Ann. Laws, the latter section being part of the Justice's Code. They provide that, "in an action to recover a penalty or forfeiture given by statute, the cause of action or some part thereof must have arisen within the county where the action is commenced, or upon a lake, river, or other water bordering upon such county and opposite thereto ; but otherwise than this the jurisdiction of a justice's court does not depend upon where the cause arose, provided that the plaintiff or defendant shall reside in the precinct where the action is commenced, or personal service can be had on the defendant in any precinct in the county ; and if the defendant do not reside in the state, the action may be commenced in any precinct in the state ;" and, further, that "the summons must be served at least five days before the time therein required for the defendant to appear, and may be served by the sheriff of the county or his deputy, or by any constable of the precinct, or marshal of the town or city in which the court is holden."

In speaking of section 910, Mr. Justice Lord has this to say (in *Kirk* v. *Matlock*, 12 Or. 319, 321, 7 Pac. 322, 324): "The jurisdiction of a justice's court does not depend upon where the cause arose, provided that the plaintiff or defendant shall reside in the precinct where the action is commenced, or personal service can be had on the defendant in any precinct in the county ; and, if the defendant do not reside in the state, the action may be commenced in any precinct in the state." In *Taylor* v. *Jenkins*, 11 Or. 274, 276 (3 Pac. 681, 682), the court says : "Jurisdiction exists where either party resides in the precinct where the action is commenced, or the defendant is a nonresident, or where personal service of the summons is obtained in any precinct in the county." In this latter case the action was commenced in a given precinct, and the return showed personal service within the county, and the court interpreted the statute to mean that it is sufficient to confer jurisdiction if service can be had in the county where the action is commenced, regardless of the place of residence of either party.

There is yet another phase of the statute which contemplates that the action may be commenced in the precinct where the plaintiff resides, but in such case we find no authority for the service of the summons outside of the county. Such authority must be found in the statute, as the manner of acquiring jurisdiction of the person by a court whose jurisdiction is limited and inferior is purely statutory. Section 910 provides for no other than service in the county, nor is the authority enlarged by section 2061. By the latter section the summons may be served by the sheriff of the county (or his deputy) in which the court is holden. Now, it is well settled that a sheriff cannot serve civil process in his official capacity outside of his own county : Crocker, Sher. (3 ed.) § 348. So, it is quite natural to conclude that by legislative in-

tendment it was not designed that service should be made outside of the county.

But it has been suggested that the word "may" is not mandatory, and is therefor not inhibitive of the sheriff of any other county making service. The answer to this, however, is that the statute has not authorized or empowered any other sheriff to make it. This idea is reenforced by the fact that by section 2061 the summons is required to be served at least five days before the time therein required for the defendant to appear, and no other or different provision is made for his appearance in case the service is made outside of the county, as is the case where the action is commenced in the circuit court. The action in the justice's court·is possessory in its nature, and was therefore properly brought in the county where the mining claim is situated, and in this respect is analogous to the case we have just been considering, where an ordinary action is commenced in the precinct where the plaintiff resides. The authority of the sheriff of the county to make the service is the same in both cases. Indeed, the nature of the action contemplates that there is some one in possession of the mine to be made defendant, who should necessarily be served in the county where the action is instituted. The sheriff of Union County being without authority to serve the summons upon the defendant in the cause pending in the justice's court in Baker County, the court did not acquire jurisdiction of the person of Pierce by such service, and therefore the judgment rendered against him was a nullity. The judgment of the circuit court annulling it will therefore be affirmed.                    AFFIRMED.