Argued 20 February ; decided 17 March, 1902.

## BYERS *v.* FERGUSON.

[65 Pac. 1067 ; 68 Pac. 5.]

DISMISSING APPEAL—DEFECTIVE ABSTRACT.

1. Where an appellant has filed an abstract of the record instead of a transcript, as allowed by Section 541 of Hill's Ann. Laws, as amended by Laws, 1899, pp. 227, 229, and has inadvertently filed a copy of the judgment lien docket, instead of a copy of the judgment order, with the notice of appeal and the undertaking, as required by said section, the appeal should not be dismissed, and the party should be allowed to substitute the proper papers for the one filed by mistake.

REPLEVIN—MEANING OF WORD "DISTRAIN."

2. The meaning of the word "distrained" as used in Hill's Ann. Laws, § 42, subd. 2, designating the venue of actions for the recovery of personal property "distrained for any cause," is a holding of the personal property of another for any purpose or for any cause.

VENUE IN REPLEVIN—ERROR CURED BY PLEADING OVER.

3. A complaint in a replevin action should state where the property is detained as well as where it was taken, but an omission to so state is not a fatal defect after an answer has been filed and judgment has been entered : *Moorhouse* v. *Donaca,* 14 Or. 430, cited.

JUSTICES' COURTS—RULES OF PRACTICE—REPLEVIN.

4. The rules of procedure in justices' courts being the same as the rules in courts of record since 1899 (Laws, 1899, pp. 109, 111, § 12), and it being the duty of the circuit court on appeal to try the case anew, disregarding irregularities or imperfections in matters of form (Laws, 1899, pp. 109, 118, § 47), a replevin complaint in a justice's court alleging only the venue of the seizure, and being silent as to the venue of the detention, is sufficient after answer and trial, as, applying the rules prevailing in the courts of record, it might be implied from the allegation as to the locality of the taking that the property remained within the county.

NATURE OF TRIAL ON APPEAL FROM JUSTICE'S COURT.

5. The trial *de novo* in the circuit court contemplated by Laws, 1899, pp. 109, 118, §§ 47, 48, providing that on appeal from a justice's court the case shall be tried anew, is a trial on the issues of fact made by the pleadings in the lower court, and the circuit court on appeal has no jurisdiction to entertain a demurrer for a defect curable by judgment, which has already been waived by pleading over.

From Polk:   GEORGE H. BURNETT, Judge.

This action was commenced in a justice's court, where plaintiff prevailed.   On appeal the circuit court sustained a demurrer to the complaint and dismissed the action, whereupon plaintiff appealed.   Further facts appear in the opinion.

A motion to dismiss the appeal was overruled, appellant was allowed to amend and complete his record, and the appeal was decided on its merits.          Motion Overruled; Reversed.

### On Motion to Dismiss the Appeal.

*Mr. Frank Holmes,* for the motion.

*Messrs. B. F. Bonham* and *C. F. Martin, contra.*

Per Curiam. 1. This is a motion to dismiss the appeal on several grounds, none of which require particular notice, except the contention that the transcript does not contain a certified copy of the judgment of the court below. The appellant availed himself of the provisions of section 541 of the statute, as amended in 1899 (Laws, 1899, p. 229), and filed an abstract in lieu of a transcript. In such a case the law requires that, in addition to the printed abstract, the appellant shall file a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and the undertaking on appeal. The object of this provision is to furnish evidence that a genuine, *bona fide* controversy was tried and determined in the court below, and a judgment or decree rendered thereon. In the case at bar an attempt was made to comply with this requirement, but the clerk, in place of sending up a copy of the judgment, inserted a transcript of the judgment lien docket. As this, however, was evidently unintentional, and can be corrected, the motion to dismiss will be denied, and an order made directing the clerk below to send up a certified copy of the judgment from which the appeal is taken.          Motion Overruled.

### On The Merits.

This action was commenced in the justice's court of District No. 5, Polk County, Oregon, to recover the possession of personal property. The plaintiff alleges in the complaint that he is the owner and entitled to the possession of a gray horse,

valued at $50, and a set of harness, at $20, which the defend-
ant, in said county and state, unlawfully took from his pos-
session, and detains the same, to his damage in the sum of $20;
that he demanded of the defendant the return of the property
on the ground that it was exempt from execution, but he re-
fuses to comply therewith, and still wrongfully withholds the
same. A demurrer to the complaint on the ground that it
did not state facts sufficient to constitute a cause of action
having been overruled, an answer was filed denying the mate-
rial allegations of the complaint, and averring a justification
of the seizure and detention by the defendant, as constable,
under a writ of attachment in an action brought by C. L.
Pearce against the plaintiff. A reply having put in issue the
allegations of new matter in the answer, a trial was had, re-
sulting in a judgment as prayed for in the complaint; and de-
fendant appealed to the circuit court of said county, where
the demurrer interposed in the justice's court was sustained,
and the court, refusing to permit the complaint to be amended,
dismissed the action, and plaintiff appeals to this court.

REVERSED.

For appellant there was a brief and an oral argument by
*Mr. B. F. Bonham* and *Mr. Carey F. Martin.*

For respondent there was a brief and an oral argument by
*Mr. Frank Holmes.*

MR. JUSTICE MOORE, after stating the facts in the foregoing
terms, delivered the opinion of the court.

2. An action at common law to recover the possession of
personal property was treated as local, and could only be main-
tained in the county where the property was unlawfully taken:
Cobbey, Repl. § 564; *Kirk* v. *Matlock,* 12 Or. 319 ( 7 Pac. 322).
The statute prescribing the place of trial in actions of this
character is as follows: ''Actions for the following causes
shall be commenced and tried in the county in which the sub-
ject of the action, or some part thereof, is situated: * * (2) For

the recovery of personal property distrained for any cause."
Hill's Ann. Laws, § 42. While the word "distrain" originally
meant the taking of the property of another as security for
the performance of some obligation (3 Bl. Comm. 231) the
term "distrained," as used in the section of the statute quoted,
undoubtedly signifies the holding of the personal property of
another for any purpose whatever.

3. The right to maintain an action in the nature of re-
plevin in a given forum does not depend upon the place
where the property is taken, but rests solely upon the county
in which it is unlawfully held at the time the action is insti-
tuted. Such action is therefore local, and can only be prose-
cuted in the county where the property is distrained; and,
its *situs* being necessary to jurisdiction of the subject-matter,
the advisability of alleging in the complaint the county in
which the property is distrained is apparent. This the plain-
tiff failed to do, and the demurrer interposed in the justice's
court challenged the sufficiency of the complaint in this re-
spect, which being overruled, the defendant answered over;
and, if the rules applicable to the trial of actions in the circuit
court are to prevail in the justice's court, the averment in the
complaint that the property was unlawfully taken in Polk
County was cured by the judgment, from which it would be
implied that such property at the time the action was insti-
tuted was detained in that county. Thus in *Moorhouse* v.
*Donaca,* 14 Or. 430 (13 Pac. 112), it was held that a complaint
in an action for the recovery of personal property which
alleges only a wrongful taking within the county in which
the action is brought, is bad on demurrer, but in the absence of
such objection the pleading is sufficient to support evidence
of the *situs* of the property when the action was begun. Mr.
Justice THAYER, in speaking of the failure of the complaint to
show where the property was kept when the action was com-
menced, says: "If a defendant in such an action desires to
raise a question of that character, he should do so by demurrer;
and, if that is overruled, he may stand upon it, and not an-
swer over, otherwise he will waive the point." It follows

that, if the action was triable in the circuit court upon the issue of fact made in the justice's court, an error was committed in sustaining the demurrer.

4. The act of February 17, 1899 (Laws, 1899, p. 109), provides, in effect, that the rules of procedure in a court of record shall govern in determining the forms and sufficiency of pleadings in a justice's court: Section 12. It also provides, in section 47, that, when the appeal from the justice's court is perfected, the circuit court shall have jurisdiction thereof, and must proceed to hear, determine, and try the same anew, disregarding any irregularity or imperfection in matters of form which may have occurred in the justice's court. Section 48 provides that the circuit court on appeal may allow the pleadings in the action to be amended so as not substantially to change the issues tried in the justice's court, or to introduce any new cause of action or defense.   Considering these clauses *in pari materia,* does the power vested in the circuit court on appeal, to try the cause anew, authorize it to determine the sufficiency of each pleading sent up, as if it had been originally filed in such court?   If the complaint filed in the justice's court had failed to state facts sufficient to constitute a cause of action, the right of the circuit court on appeal to sustain a demurrer to such pleading based upon that ground is unquestioned, though such objection had not been made in the lower court. Hill's Ann. Laws, § 71; *Bowen* v. *Emmerson,* 3 Or. 452; *Evarts* v. *Steger,* 5 Or. 147; *Ball* v. *Doud,* 26 Or. 14 (37 Pac. 70); *Hargett* v. *Beardsley,* 33 Or. 301 (54 Pac. 203). The complaint having alleged that the defendant, in Polk County, wrongfully took the horse and harness from the plaintiff's possession, the failure to aver that the property was in the county at the time the action was commenced was not an entire want of a material averment, but a defective statement of the facts respecting the venue of the action, but sufficient to base a presumption thereon that, the property having been taken in said county, it was also held therein: *Moorhouse* v. *Donaca,* 14 Or. 430 (13 Pac. 112).   The rules for determining the sufficiency of a pleading in a justice's court being the same as in a court of record, it follows that while the justice's court,

41 OR.— 6.

in overruling the demurrer to the complaint, committed an error, such error was waived by the defendant's answering over: *Olds* v. *Cary,* 13 Or. 362 (10 Pac. 786) ; *Drake* v. *Sworts,* 24 Or. 198 (33 Pac. 563). So, too, when a demurrer is overruled, and the party pleads over, the demurrer is abandoned, and ceases to be a part of the record: *Wells* v. *Applegate,* 12 Or. 208 (6 Pac. 770).

5. As we understand the transcript, the demurrer sustained by the circuit court was the one interposed in, and overruled by, the justice's court; and the defendant having answered over, such demurrer ceased to be a part of the record. The trial anew in the circuit court on appeal, as we understand the term, means a new trial by the introduction of original evidence upon the issue as made in the justice's court. The issue ultimately made in that court was an issue of fact, which was to be tried in the circuit court, on an appeal, not upon errors assigned, but as if such cause had never been tried. The demurrer in question interjected an issue of law which had been waived, and, this being so, the court erred in sustaining it, and for this reason the judgment is reversed, and a new trial ordered.                                    Reversed.

Argued 6 March ; decided 7 April, 1902 ; rehearing denied.