Submitted on briefs November 6, affirmed November 27, rehearing denied December 18, 1917.

## MARTINDALE *v.* SCOTT.

(168 Pac. 933.)

**Courts—Jurisdiction—Replevin—Location of Property.**

1. Where plaintiff's evidence disclosed that property sought to be replevied was outside the state when action was instituted, the court had no jurisdiction, although the pleadings were silent upon the question of venue and defendant answered to the merits.

    [As to jurisdiction of action to recover personalty located in another state or county, see note in Ann. Cas. 1912B, 838.]

From Clatsop: JAMES A. EAKIN, Judge.

Action in replevin by J. M. Martindale against A. J. Scott. At the close of plaintiff's case, on motion of defendant the court allowed a judgment of nonsuit, from which plaintiff appealed. Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi). Affirmed.

In Banc. Statement by MR. JUSTICE BENSON.

This is an action in replevin. The complaint which was filed on March 30, 1917, alleged that on March 21,

1917, plaintiff was and ever since has been the owner of the property and entitled to the immediate possession thereof; that on the latter date it wrongfully came into defendant's possession, and that he still retains the same and refuses to surrender it, although demand has been made. The value of the property is alleged and a prayer for its return and damages for the detention follows.

The answer consists of denials. A trial being had, it developed on the examination of plaintiff's witnesses that at the time of the commencement of the action the property was situated in Pacific County, Washington. After plaintiff rested his case, defendant moved for a judgment of nonsuit which was granted, and plaintiff appeals.      AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Norblad & Hesse.*

For respondent there was a brief over the name of *Mr. Edward C. Judd.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. It is conceded that the complaint is silent upon the question of venue. It is also-conceded that the personal property which is sought to be recovered was in another state at the time when the action was commenced. Plaintiff insists that by failure to demur, and by answering to the merits, defendant waived any objection he might have to a trial of the action in the wrong county, and that after issue joined it is too late to question this feature of the court's jurisdiction. In support of his position, plaintiff directs our attention to the case of *Marx* v. *Croisan,* 17 Or. 393 (21 Pac. 310), in which the defendant sought to challenge the

sufficiency of the complaint, in its allegation of venue by a general demurrer. The court held that an omission of an averment of venue was not a defective statement of a cause of action and that since the act of questioning the venue is a dilatory proceeding, it is waived by pleading over. However, it must be observed that in that case the complaint alleged the wrong taking in the City of Salem, and it was further held that the court would take judicial knowledge of the fact that Salem is in Marion County.

In *Moorhouse* v. *Donaca,* 14 Or. 430 (13 Pac. 112), another case cited by appellant, the court says:

"The objection was, that there was no allegation in the complaint as to where the header was, or that it was in Umatilla County; but the objection was not well taken, and the court committed no error in allowing the witness to answer. The action is local, and must be prosecuted in the county where the property is detained. This is the common-law rule, as well as the plain requirement of the statute. (Civil Code, § 41.) The complaint alleges the wrongful taking in Umatilla County. It is an argumentative statement of a material fact. * * It is not direct and certain, it is true; nor would the complaint be good if attacked by demurrer, but in the absence of any objection to the pleading on this ground, the court did not err in admitting evidence to prove that said property was in Umatilla County when the action was commenced."

In the same case in a concurring opinion Mr. Justice THAYER says:

"Should it appear, however, upon the trial, that the property sought to be recovered was not in the county when the action was commenced, it should be dismissed. * * The complaint in this case was not defective in the sense that a material allegation is omitted—an allegation essential to the cause of action. The complaint contained a good cause of action, though it contained no direct allegation that the prop-

erty sought to be recovered was within the county when the action was commenced; but that did not deprive the court of jurisdiction. Jurisdiction depended upon the fact, and not upon the omission to allege it. The error was in the form of the pleading, and that could be waived, although the fact itself could not.''

This very clear exposition appears to us to be perfectly consistent with all the rulings of this court. In the case of *Kirk* v. *Matlock,* 12 Or. 319 (7 Pac. 322), the complaint neglected to state the venue of the taking and the detention and after verdict this court, speaking by Mr. Justice LORD, held that the verdict cured the defective pleading, quoting with approval and as the basis of the conclusion this paragraph from Proffatt on Jury Trial, Section 419:

''A defect in a pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict.''

This is the doctrine distinctly announced in *Byers* v. *Ferguson,* 41 Or. 77 (65 Pac. 1067, 68 Pac. 5), in which Mr. Justice MOORE says:

''Such action is therefore local, and can only be prosecuted in the county where the property is distrained; and, its *situs* being necessary to jurisdiction of the subject matter, the advisability of alleging in the complaint the county in which the property is distrained is apparent. This the plaintiff failed to do, and the demurrer interposed in the justice's court challenged the sufficiency of the complaint in this respect, which being overruled, the defendant answered over; and, if the rules applicable to the trial of actions in the circuit court are to prevail in the justice's

court, the averment in the complaint that the property was unlawfully taken in Polk County was cured by the judgment, from which it would be implied that such property at the time the action was instituted was detained in that county.''

Our attention has not been called to any decision of this court which is inconsistent with these citations. If it were a case in which the omission in the pleading was an oversight, and plaintiff had sought to amend, or if the case had gone to verdict without the question being raised, the situation would be different; but, this is a case in which the evidence leads us to conclude that the allegation of venue was omitted deliberately for the reason that the property was then not only outside of the county, but outside of the state. There was no error in granting the nonsuit and the judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

---

Argued October 16, affirmed November 6, rehearing denied December 18, 1917.