On appellant's reconsideration filed November 4, former opinion
filed October 5, 1981 (54 Or App 167, 637 P2d 643), reconsideration
granted; former opinion withdrawn; reversed and remanded January 6, 1982

# OSBURN,
*Appellant,*

*v.*

# PACE,
*Respondent.*

## (No. A8010-05745, CA 19976)

638 P2d 497

John DeBruyn, Colorado, and George Wittemyer, Port-
land, for petition.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action for the specific recovery of personal property, i.e., a diamond ring located outside the State of Oregon. Defendant was personally served with summons and complaint in Montana. Defendant moved to dismiss on the ground that the court lacked jurisdiction over the subject matter. ORCP 21A. Dismissal was granted, however, on three separate grounds: lack of personal jurisdiction, lack of subject matter jurisdiction and the amount in controversy being below the jurisdictional limit.[1] We have granted plaintiff's petition for reconsideration. Our former opinion, 54 Or App 167, 637 P2d 643 (1981), is withdrawn. We reverse.

■     The first question relates to jurisdiction over the parties. The trial court's *sua sponte* dismissal for lack of personal jurisdiction over defendant was error. The defense may not be raised on the court's own motion. A party may voluntarily submit to the jurisdiction of the court by appearing in the action, thereby waiving the defense. ORCP 21F and 21G.

■ ■     The next question is whether the trial court has subject matter jurisdiction when the personal property is situated outside the state. The relevant statute is ORS 14.030:

> "When the court has jurisdiction of the parties, it may exercise it in respect to any cause of action or suit wherever arising, except for the specific recovery of real property situated without this state, or for an injury thereto."

There is little case law discussing the scope of the statute. It regulates subject matter jurisdiction and not venue. *Mack Trucks, Inc. v. Taylor,* 227 Or 376, n 1 at 380, 362 P2d 364 (1961); *see also, Ziemann v. Shine,* 284 Or 267, 272, 586 P2d 348 (1978).

---

[1] The complaint alleges that plaintiff and Mildred M. Pace (decedent) were sisters. Plaintiff is an Oregon resident. When decedent died, she was a resident of Montana. In 1965, while in Oregon, decedent sold and delivered the ring to plaintiff in exchange for plaintiff's promise to pay $500 to the decedent's estate upon decedent's death. An understanding was reached whereby decedent retained possession of the ring until her death, at which time the ring would be turned over to plaintiff. On decedent's death, plaintiff submitted a claim to the estate for the ring and tendered the $500 to defendant as personal representative of the decedent's estate in Montana. The claim was disallowed and the tender rejected. The record is silent with respect to the status of the disallowed claim.

Defendant argues that *Martindale v. Scott,* 86 Or 648, 168 P 933 (1917), is authority for the proposition that a court in a replevin action does not have jurisdiction over personal property located outside the state. In *Martindale,* plaintiff's nonsuit was affirmed, because the personal property was not in the county where the action was commenced. *Mack Trucks, Inc.* overruled *Martindale,* holding that the county in which the action is commenced is a matter of venue under ORS 14.040 and not of jurisdiction. Although there is language in *Mack Trucks, Inc.,* 227 Or at 381, that is arguably in support of defendant's position, that language is dictum. The only question in *Mack Trucks, Inc.* was whether an action to recover the possession of personal property must be brought in the county in which the property is located at the commencement of the action in order for the court to acquire subject matter jurisdiction. *See also, Dippold v. Cathlamet Timber Co.,* 98 Or 183, 194, 193 P 909 (1920), implying that a verdict for damages to personal property situated outside the state may be valid.

We hold that under ORS 14.030, *supra,* a court in an action for the specific recovery of personal property, where there is jurisdiction of the parties, has subject matter jurisdiction over personal property located outside the state. It was error to dismiss on that ground.

■ The order of dismissal presents a second question concerning subject matter jurisdiction. The trial court, on its own motion, dismissed the action because "the amount in controversy was [sic] below the dignity of the court." We understand that to mean that the action was within the exclusive jurisdiction of the district court.[2] ORS 46.063(2) provides:

---

[2] ORS 46.060(1) provides in part:

"* * * the district courts *shall have exclusive jurisdiction* in the following cases:

"* * * * *

"(b) For the recovery of specific personal property when the value of the property claimed and the damages for the detention do not exceed $3,000.

"* * * * *

"(h) Actions and proceedings, whether legal or equitable, to preserve the property or rights of any party to an action of which the court has jurisdiction, and to enforce the collection of its own judgments, including all actions and

"No case filed in any trial court shall be *dismissed* solely for having been filed in the wrong court, but shall be considered timely filed in the court determined by the Court of Appeals to have jurisdiction." (Emphasis added.)

"Thus, a case filed in a trial court which does not have jurisdiction over the amount claimed is not void *ab initio.*" *Flying Tiger Line v. Portland Trading Co.,* 45 Or App 345, 350 n 6, 608 P2d 577 (1980), *rev'd on other grounds,* 290 Or 605 (1981).

Dismissal was not appropriate.

Reversed and remanded.

---

proceedings in the nature of creditors' bills, and, in aid of execution, to subject the interest of a judgment debtor in personal property to the payment of such judgment. District courts shall not have jurisdiction to appoint receivers.

"* * * * *

"(3) Whenever an action or proceeding is brought in a district court, the court shall have jurisdiction to hear and determine, preserve and enforce all rights involved therein, including all cases in equity when pleaded as defensive matter, and to exercise all legal and equitable remedies necessary or proper for complete determination of the rights of the parties, subject to the limitations imposed by this section." (Emphasis supplied.)