[Filed June 24, 1886.]

## VICTOR GUILLE *v.* WONG FOOK.

ACTION TO RECOVER PERSONAL PROPERTY—PLEADING—NEW MATTER—TITLE IN THIRD PERSON.—In an action to recover personal property, where the defendant claims a right of possession by virtue of a special property, such right should be pleaded, and cannot be shown under a general denial. But it seems that under a general denial a defendant may show absolute title in himself or a third person.

SAME—DESCRIPTION OF PROPERTY—VERDICT.—A description in the complaint in such action of the property sought to be recovered as "sixty-eight head of hogs on the macadamized road in said county, on the place formerly kept by Wong Hin Soon," is reasonably certain. But a verdict in such action which finds that "the plaintiff is entitled to that portion of the property described in the complaint, to wit, forty-nine hogs," and assessing the value at twelve dollars a head, is too indefinite to support a judgment.

SAME—CLAIM OF TITLE—LIEN.—Upon demand from a defendant of possession of the property in controversy, a claim that he owns it is inconsistent with a subsequent claim that he holds it by virtue of a lien.

MULTNOMAH COUNTY.    Defendant appeals.    Reversed.

*C. H. Carey,* for Appellant.

The action for the recovery of specific personal property, recognized by statute in Oregon, depends upon the right of property in the plaintiff and his right to the immediate possession. Failing in the proof of his right of possession, he fails in his action. (*Moser* v. *Jenkins,* 5 Or. 447; *Yandle* v. *Crane,* 13 Kan. 347; *Clark* v. *West,* 23 Mich. 242; *Belden* v. *Laing,* 8 Id. 500.)    But any matter of defense which goes to bar the plaintiff's cause of

action need not be specially pleaded.    Under the plea
of *not guilty*, at common law, the defendant may show
title in himself.  (*Scudder* v. *Worster*, 11 Cush. 573; *Gib-
son* v. *Mosier*, 9 Mo. 256.)   And so in the action for the
recovery of personal property, any matter of defense
which denies the plaintiff's right of possession is ad-
missible under the general issue.  (*Lindsay* v. *Wyatt*, 1
Idaho, 738; *Currier* v. *Ford*, 26 Ill. 488; *Pico* v. *Pico*, 56
Cal. 456; *Wilson* v. *Fuller*, 9 Kan. 177; *Bailey* v. *Bayne*,
20 Id. 657; *Mitchell* v. *Hinman*, 8 Wend. 667; *Moore* v.
*Kepner*, 7 Neb. 291.)   A lien on property is not divested
by bankruptcy.  (*Roach* v. *Bennett*, 24 Miss. 98.)   Nor
by assignment of the property.   (*Nash* v. *Mosher*, 19
Wend. 431.)   The refusal of the defendant to deliver the
possession is not a waiver of the lien, unless the refusal
is put upon some ground inconsistent with the lien.
(*Everett* v. *Coffin*, 6 Id. 604; S. C., 22 Am. Dec. 551;
*White* v. *Gainer*, 2 Bing. 23; *Scarfe* v. *Morgan*, 8 Mee. &
W. 270.)   The verdict was too indefinite and uncertain,
in not describing the hogs so that they could be identi-
fied.   (*Manchette* v. *Wanless*, 1 Col. 225; *Campbell* v.
*Jones*, 38 Cal. 507; *Dowell* v. *Richardson*, 10 Ind. 573;
*Wood* v. *Orser*, 25 N. Y. 348.)   Both the verdict and the
judgment should find the value of each specific chattel,
so that upon a return of part of the entire lot the defend-
ant may be discharged from the payment of the value of
that part.   (*Whitfield* v. *Whitfield*, 40 Miss. 369; *Hoeser*
v. *Kraeka*, 29 Tex. 451; *Eslava* v. *Dillihunt*, 46 Ala. 698;
*Drane* v. *Hilzheim*, 13 Smed. & M. 337; *Caldwell* v. *Brug-
german*, 4 Minn. 270; *Pickett* v. *Bridges*, 10 Humph. 171.)

*P. L. Willis*, for Respondent.

A right of such lien is a personal right given by the
statute for the protection of the one who performs work
or furnishes materials, and is not assignable.   (*Caldwell*

v. *Lawrence*, 10 Wis. 332; *Logan* v. *The Eolian*, 1 Bond, 267; *Rush* v. *The Freestone*, 2 Id. 235.) In order to have availed himself of the lien claimed, appellant must have pleaded it. It is not allowable to claim such special right under a denial of plaintiff's general right. (*Graham* v. *Harrower*, 18 How. Pr. 145; 2 Estee's Pl. 644, 645; 3 Ch. Pl. 1042–1060; *Glazer* v. *Clift*, 10 Cal. 303.) Where one in possession intends to hold it under a lien for feed, or the like, he must make the fact known at the time of demand, that the owner may, if he wishes, pay the sum claimed, and release his property. (*Hudson* v. *Swan*, 83 N. Y. 561; *Everett* v. *Saltus*, 15 Wend. 478; *Holbrook* v. *Wight*, 24 Id. 180; S. C., 35 Am. Dec. 607.)

THAYER, J.   This appeal is from a judgment rendered in an action brought by the respondent against the appellant for the recovery of the possession of personal property. It is alleged in the complaint in the action that the respondent was, and for more than a month past had been, the owner and entitled to the possession of the following goods and chattels, of the value of eleven hundred dollars, to wit: Sixty-eight head of hogs on the macadamized road in said county, on the place formerly kept by Wong Hin Soon; that the appellant, on the third day of September, 1884, at the county of Multnomah, without the consent of the said respondent, wrongfully took said hogs from respondent, the party having possession thereof, having wrongfully taken them from the respondent's possession, and of which taking the appellant had due notice. A demand and refusal to deliver over the property was also alleged in the complaint, and a continued unlawful withholding of the possession of the chattels from the respondent, to his damage in the sum of $1,325. The demand for relief was for judgment against the appellant for the possession of the hogs, or

for the sum of eleven hundred dollars, the value thereof, in case a delivery could not be had, together with $225 damages for the withholding of the same, and for costs and disbursements.

The words "the party having possession thereof, having wrongfully taken them from respondent's (plaintiff's) possession, and of which taking appellant (defendant) had due notice," were on motion of appellant stricken out of the complaint. The appellant then filed an answer denying all the material allegations of the complaint. It appears from the bill of exceptions that the respondent gave testimony at the trial tending to show that the hogs belonged to him, and of their value, and that he was entitled to their possession, and that on the sixteenth day of August, 1884, the respondent delivered the hogs to said Wong Hin Soon to sell on commission, the respondent reserving the right to the possession of them on demand, and agreeing to pay Wong Hin Soon a reasonable price for feeding them while he should feed them; and that thereafter and during the month of August, 1884, said Wong Hin Soon was sued by one or more of his creditors, and the hogs were taken by the sheriff on attachment as his property; that a few days after the attachment was levied, said Wong Hin Soon, under the insolvent act, made an assignment for the benefit of his creditors to the appellant, and thereby the attachment was dissolved; that the respondent, while the sheriff was in possession of the hogs, demanded them from him, but he refused to deliver them up, and after the attachment was dissolved delivered them to the appellant; that for several days prior to the attachment Wong Hin Soon had fed the hogs, and that it was worth about a dollar a month per head to so feed them, and that nothing had been paid for the feeding; that after the appellant got possession of the hogs, and prior to the

commencement of the action, the respondent demanded of him the possession thereof, and at the same time told him that he would pay according to his agreement for feeding the hogs; that appellant then claimed all of said hogs as his, as such assignee, and refused to deliver to the respondent the possession of any of them.

Thereupon the respondent rested his case, and the appellant moved the court for a judgment of nonsuit. The court overruled the motion, and the appellant's counsel excepted to the ruling. The appellant then gave evidence tending to show that he was appointed assignee of the estate of said Wong Hin Soon, insolvent, on the second day of September, 1884; that he took possession of sixty-eight hogs, as such assignee, then on the hog ranch recently theretofore occupied by said Wong Hin Soon; that said hogs were not the same hogs Wong Hin Soon bought of respondent; that said hogs had been butchered and sold; that appellant kept these hogs seven days, advertised them and sold them at public auction for $550; that he fed them during the seven days; that when respondent demanded the hogs from appellant, he, appellant, refused to deliver them up, without giving any reason therefor; that said hogs were the property of Wong Hin Soon at the date of said assignment; that the appellant did not say to respondent, when he demanded the said hogs, that they were his.

It further appears from the bill of exceptions that after the parties had rested their case on both sides, and their respective counsel had addressed the jury, the counsel for the appellant requested the court to charge the jury, in substance, that if they believed that at the time of the commencement of the action the respondent was indebted to the appellant, or to his assignor, for feeding the hogs claimed, or for having bestowed upon them any care, labor, or attention, at the request of the respondent, they

must find a verdict for the appellant, even though they believed the hogs were the property of the respondent; that the law gives to appellant in such case a lien upon such property, and he might retain it until such charges were paid; that the lien might be waived by agreement, but the mere fact of a refusal to deliver up the property upon demand would not imply a waiver; that the respondent having acknowledged agreeing to pay for the feeding of the hogs, the lien created by the statute in such cases attached. The instructions were refused and the appellant excepted to the refusal.

The case having been submitted to the jury, they returned the following verdict: "We, the jury in the above-entitled action, find for the plaintiff that he is entitled, and was at the time of the commencement of this action the owner of and entitled, to the immediate possession of that portion of property described in the complaint, to wit, forty-nine (49) hogs, and we assess the value of said property to which the plaintiff is entitled at $12 per head, aggregating $588." Upon which verdict the court entered judgment to the effect that the respondent recover the possession of the following personal property, to wit: Forty-nine head of the hogs described in the complaint herein, or $588, in case a delivery of said property cannot be had.

The appellant assigned as error the overruling of the motion for the nonsuit, the refusal to charge as requested, the defectiveness of the verdict, and the irregularity of the judgment.

It appears to me that there are too good reasons for sustaining the ruling of the Circuit Court in its refusal to grant the motion for a nonsuit: 1st. That the claim of the appellant, at the time the demand for the possession of the hogs was made, that all of them were his, as such assignee, was inconsistent with the claim of a lien

upon them for their care and feeding; and 2. That no such right to a lien was set forth as a defense in the appellant's answer. The appellant's counsel cited several authorities to the effect that such a right could be shown under a general denial. *Lindsay* v. *Wyatt,* 1 Idaho, 738, seems to directly support that view, but I cannot believe that it is in accordance with the spirit and intent of the code. Said counsel contends that the right of possession in such an action being essential to the plaintiff's case, any matter of defense which denies his right of possession is admissible under the general issue. It is true that where a plaintiff alleges in his complaint that he is the owner of certain personal property, and entitled to the possession of it, and the defendant specifically denies the allegation, he may show that the plaintiff is not the owner; and in order to show that, he might have the right to show that the ownership was in himself, or in some third person. Such proof would rebut the plaintiff's right of possession, as that arises out of his ownership, either general or special. The right of possession is denied in such a case, not in terms, but by a denial of the substantive fact—the ownership. When, however, the plaintiff establishes that he is the general owner of the property, he overthrows the denial, and the defendant must then fall back upon a special right or lien not disclosed in his answer. The denial of the right of possession standing alone would only be the denial of a conclusion. Such a right stands upon the same footing of a license, and is just as essential to be pleaded. The defense in such a case is necessarily special; it is new matter. (Pomeroy's Rem., sec. 703, and cases there cited.) The Code was intended to narrow and simplify issues. The respondent was required to allege that he was the owner and entitled to the possession of the hogs, and that the appellant wrongfully detained them. The

appellant could allege upon his part that the respondent was not entitled to such possession; that the property had been delivered to him to care for, that he had bestowed such care, and that he detained it to secure pay for his reasonable charges therefor. The appellant would then have denied the wrongful detention, not in the terms in which it was alleged, but by alleging a new fact which fully controverted it. The pleading would then have apprised the court and the opposite party of the particular matter to be tried. The denial was sufficient to allow the appellant to disprove the respondent's allegation of ownership of the property, but not to allow him to show a right to retain it under a special relation between the parties. The latter should have been pleaded as new matter of defense; this view also disposes of the question concerning the refusal to charge as requested. The appellant, not having pleaded his lien, could claim nothing under his alleged right to it.

But the objections to the verdict and judgment are more serious, and I apprehend are fatal to the respondent's recovery. The action was to recover personal property in specie. At common law it would have been an action of detinue and replevin, after the latter kind of action had been modified by statute so as to include replevin in the detinet. The general rule in such cases was that the thing detained must be ascertained with such degree of certainty as to be specifically known and recovered. " In order, therefore, to ground an action of detinue," says Jacobs in his Law Dict., tit. Detinue, " these points are necessary: 1. That the defendant come lawfully into possession of the goods, as either by delivery to him, or by finding them; 2. That the plaintiff have a property; 3. That the goods themselves be of some value; 4. That they be ascertained in point of identity." And he further remarks, "that upon this, the

jury, if they find for the plaintiff, assess the several values of the several parcels detained, and also damages for the detention. And the judgment is conditional, that the plaintiff recover the said goods, or if they cannot be had, their respective values, and also the damages for detaining them." This form of action and the mode of pleading adapted to it no longer exist, but the remedy it afforded, under a modified form, remains the same. (*Moser* v. *Jenkins*, 5 Or. 447.) The judgment must still be in the alternative, and the plaintiff cannot elect to have it rendered for either the amount or value of the property. (*Cummings* v. *Stewart*, 42 Cal. 232; *Fitzhugh* v. *Wiman*, 9 N. Y. 559.) The same rule remains as to the description of the property to be recovered, except so far as reason and justice have served to relax it. (*Foredice* v. *Rinehart*, 11 Or. 208, and cases there cited.) The thing must be identified with reasonable certainty. The description of the property in the complaint herein was reasonably certain. It consisted of "sixty-eight head of hogs on the macadamized road in said county, on the place formerly kept by Wong Hin Soon." The description was very indefinite, but, as said in *Warner* v. *Aughenbaugh*, 15 Serg. & R. 11, "that officer, the sheriff, is not obliged to execute the writ, unless somebody attend to point out the thing he is to detain." In this case, however, no one could possibly point out the hogs he is to deliver, that is, the particular hogs. The respondent was entitled to forty-nine of the sixty-eight hogs, but which forty-nine, neither the respondent, appellant, or jury could tell. The jury did not undertake to say which hogs were to be delivered, and as would be inferred from their verdict, did not intend to designate any particular hogs. They found that the respondent was the owner of and entitled to the immediate possession of that *portion* of the property described in the complaint, to wit:

forty-nine hogs. That would be forty-nine sixty-eighths of the whole. Such a verdict as that cannot properly be rendered in an action of the character of the one under consideration. (*Low* v. *Martin*, 18 Ill. 286; *Dillingham* v. *Smith*, 30 Me. 370; *Dowell* v. *Richardson*, 10 Ind. 573.)

It is necessary to identify the property: 1. In order that the jury may assess its value; 2. In order that the sheriff may be able to find and deliver it upon the execution; and 3. That the defendant in the action, if he desires, can restore it. Suppose the appellant should have preferred to deliver over the forty-nine hogs to the payment of the $558, how could it have been accomplished? There was undoubtedly a difference in the size and value of the hogs—was likely to be a material difference in that respect. The respondent could not be expected to accept all the smaller ones. A selection could not be made without the concurrence of the two parties to the action, and that could hardly be expected from Chinamen, especially when it concerned the division of a band of hogs. The attempt to secure an amicable partition of the swine would be very likely to result in other complications and difficulties. The judgment entered upon the verdict was, if possible, still more vague. The execution issued upon a judgment to deliver the possession of personal property must require the sheriff to deliver it to the party entitled thereto, and it must be particularly described in the writ. (Civil Code, sec. 273, subd. 4.) To issue a writ of execution upon the judgment under consideration, the clerk would have to require the sheriff to deliver to the respondent the possession of forty-nine head of the sixty-eight head of hogs on the macadamized road in the county of Multnomah on the place formerly kept by Wong Hin Soon, and to satisfy the costs out of the personal property of the appellant, and $558 if a delivery thereof could not

be had.   Any one can see at a glance that such a writ would be ludicrous and only a mockery.   The description of the property to be delivered could not be made certain.   If the hogs were of the same size, kind, and quality, it would only serve to render their identity the more difficult to ascertain; and if the interest of each of the parties in the whole number of hogs was in proportion to the number he owned, then there could be no recovery in an action to recover the possession of personal property; each of the parties would be interested in all the hogs, and would have to obtain the number they were each entitled to by a decree in partition.   If there had been added to the words "forty-nine hogs," mentioned in the verdict, other descriptive words showing a distinct lot of hogs that the respondent owned and was entitled to the possession of, the verdict might have been sufficiently certain; but as it stands, I am convinced that it is invalid, and that the judgment entered thereon cannot be upheld.

LORD, J., concurs in the result.