Argued September 7, decided October 18, 1910.

# FOX v. TIFT.

[111 Pac. 51.]

REPLEVIN—COMPLAINT—DESCRIPTION OF PROPERTY.

1. In claim and delivery for certain sheep, the complaint described them as a hundred head of yearling sheep, consisting of ewes and wethers, of which the ewes had a crop off the left ear and the wethers were slick ears, meaning full natural ears, and that all the sheep were known as fine wool sheep. *Held,* that the description was sufficient to comply with the rule that in claim and delivery the complaint must describe the property with reasonable certainty.

REPLEVIN—DESCRIPTION OF PROPERTY—EVIDENCE.

2. Where, in claim and delivery for sheep, the complaint described them with reasonable certainty, and plaintiff's testimony as to the identity of the sheep demanded corresponded with the complaint, additional evidence that the sheep had been marked with paint, and that in defendant's sacks of fleeces taken from yearling sheep, fleeces were discovered bearing similar color marks, was admissible as tending further to identify the property.

TRIAL—INSTRUCTIONS—UNDISPUTED FACTS.

3. Where, in claim and delivery for certain sheep, defendant kept possession by executing a redelivery bond, an instruction that the property was in the hands of the defendant, but that plaintiff must establish by a preponderance of the evidence that defendant was in wrongful possession and was withholding the sheep from plaintiff, was not objectionable as precluding a finding that defendant did not have the sheep claimed by plaintiff.

REPLEVIN—CLAIM AND DELIVERY—SHEEP—VALUE—SEPARATE ASSESSMENT.

4. Where, in claim and delivery for forty-seven yearling ewes and forty-three wethers, there was evidence that at the time of the trial they were worth $4.00 a head, the court did not err in failing to require the jury in rendering a verdict for plaintiff to separately assess the value of the ewes and wethers under Section 153, B. & C. Comp., providing that, if the property has not been delivered to the plaintiff, the jury shall assess its value if the verdict be in plaintiff's favor.

APPEAL AND ERROR—SPECIAL VERDICT—DENIAL—DISCRETION—REVIEW.

5. Under Section 154, B. & C. Comp., providing that the jury in their discretion may render a general or special verdict in actions to recover money only, or for specific real property, and in all other cases the court may direct the jury to find a special verdict on all or any of the issues, the court's refusal to direct special findings is a matter within its discretion, and will not be reviewed on appeal.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action of claim and delivery, commenced in the circuit court of Baker County, by W. C. Fox against Louis Tift. The complaint, which is in the usual form, describes the property in controversy as follows:

"One hundred head of yearling sheep, consisting of ewes and wethers, of which the said ewes have a crop off the left ear, and the said wethers are what is called slick ears, meaning thereby full natural ears, and all of said sheep being what is known as fine wool sheep." After the action was commenced, the sheriff of Baker County, pursuant to the plaintiff's affidavit of ownership, took 90 head of sheep, consisting of 43 wethers and 47 ewes, of the kind specified, from the defendant, but, as he gave a redelivery bond, the property was surrendered to him.

The answer having denied each allegation of the complaint, a trial was had resulting in the following verdict:

"We, the jury duly impaneled to try the above-entitled cause, find that plaintiff at the beginning of this action was and now is the owner and entitled to the immediate possession of the personal property described in the complaint herein, a more particular description of which is as follows: Yearling sheep consisting of 43 wethers and 47 ewes of which said wethers have what is known as 'slick ears' meaning thereby full natural ears, and the said ewes have a crop off the left ears and all of said sheep being what is known as fine wool sheep, and all of said sheep were at the beginning of this action in possession of said defendant near McEwen, Oregon, and were in defendant's ewe and lamb band of sheep at that time, and in which ewe and lamb band of sheep the wethers above described were the only wethers therein having slick ears as aforesaid of the yearling age, and that the yearling ewes above described with a crop off of the left ear were the only yearling ewes therein with a crop off the left ear, that the value of said sheep is in the sum of $360, and that defendant wrongfully withheld, the

same from plaintiff in Baker County, Oregon, and that, in case recovery of the possession thereof cannot be had, then we find for the plaintiff in the sum of $360, the value thereof."

From a judgment rendered in accordance with such findings, the defendant appeals.          AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Samuel White* and *Mr. Gustav Anderson.*

For respondent there was a brief and oral arguments by *Mr. Orville B. Mount* and *Mr. John L. Rand.*

Opinion by MR. CHIEF JUSTICE MOORE.

It is contended that, since the complaint described in a particular manner the personal property undertaken to be recovered, the defendant had the right to rely upon the specification thus given, and, such being the case, errors were committed in permitting the plaintiff, over objection and exception, to testify in answer to inquiries as follows:

"Q. What paint was on these sheep before shearing, at the time you separated them?

"A. They were branded with a red eleven, or two bars.

"Q. What kind of paint was used in making that with?

"A. I used a bought and prepared red paint. * *

"Q. Can you describe what appearance it made on the sheep as to color?

"A. It was a solid red paint.

"Q. Had these yearlings been branded prior to that time with any other paint, any other colored paint?

"A. Half of them was branded when lambs with a green paint, and the other half branded with red paint.

"Q. And where was the red paint? When did you brand with red paint, the last branding?

"A. It was about the 4th or 5th of March, before they were turned out on the range.

"Q. And where was that red paint put with reference to the green paint which had been put on part of the lambs?

"A. On the back close to where the green paint was."

In order to render intelligible the legal principle insisted upon, it is necessary to state some of the facts disclosed by the testimony. It appears that in the year 1909 the plaintiff and the defendant were, respectively engaged in raising sheep in Baker County, pasturing then on an open range a few miles from each other; that on June 7th of that year the plaintiff, counting his collection of yearlings, found that he had 1,440; that on the 15th of that month he ascertained there were only 1,339; that two days thereafter he examined the defendant's "ewe and lamb" flock, and found therein about 100 yearlings marked as described in the complaint; that in the defendant's wool in sacks the plaintiff discovered 90 fleeces with red or red and green paint thereon, which clip he recognized as having been taken from his yearlings. These sheep having been marked with paint, as the wool grew by a development at the bottom of the bollicles, the coloring matter necessarily adhered to that part of the fleece to which it was appropriated, thereby leaving the lower ends unstained, so that, when the yearlings were sheared their skin bore no evidence of the pigment that had been used to indicate the plaintiff's ownership. When counted June 7, 1909, such sheep had not been sheared, but the 90 yearlings, when found in defendant's band, had been clipped. If the complaint had averred that the sheep demanded were marked with paint, there might have been a failure in the proof of their identity, for when this action was commenced no such distinction existed.

1. In an action of claim and delivery, the description of the personal property attempted to be recovered must be stated in the complaint with reasonable certainty: *Fored:ce* v. *Reinhart*, 11 Or. 208 (8 Pac. 285) ; *Prescott* v. *Heilner*, 13 Or. 200 (9 Pac. 403). In *Guille* v. *Fook*, 13 Or. 577 (11 Pac. 277), the property involved was thus described, "sixty-eight head of hogs on the macadamized

road in said county, on the place formerly kept by Wong Hin Soon," which specification was held reasonably certain. The description as given in the complaint, in the verdict, and in the judgment herein is much more definite than in the last case to which attention has been directed.

2. In the case at bar plaintiff's testimony respecting the identity of the personal property demanded corresponded to the averments of the complaint; and hence there was no variance in that particular. The discovery in defendant's sacks of fleeces taken from yearling sheep, which class of wool, as appears from the testimony, is easily distinguishable from other kinds, and the clip so found being evidenced by paint identical in arrangement and in color with the marks placed on plaintiff's young sheep, was a circumstance tending to identify the property. His proof, however, was more specific than the allegations of his pleading, but as the object of description is to protect the opposite party from another charge, based on the same ground (22 Ency. Pl. & Pr. 552), the defendant could not have been prejudiced, and in our opinion the testimony objected to was admissible.

3. In charging the jury the court explained the issues involved, and, referring to the yearlings, said:

"That the property is in the hands of the defendant, I instruct you is true, but plaintiff must establish by a preponderance of the evidence, as I have stated, that the defendant is wrongfully in such possession of said sheep, and is wrongfully withholding them from the plaintiff."

An exception having been taken to this part of the charge, it is maintained that an error was committed in giving it, in that by the language so employed the jury were precluded from finding that the defendant did not have the sheep claimed by the plaintiff, and that the court thereby determined an issue in respect to which conflicting testimony had been offered by each party. It will be remembered that, pursuant to an indorsement on the

plaintiff's affidavit of ownership of the property demanded, the sheriff of Baker County took from the defendant 90 young sheep corresponding to the description given in the complaint, but that upon the giv'ng of a redelivery bond by the defendant the sheep were surrendered to him. The issue to be tried was whether or not the plaintiff was the owner and entitled to the immediate possession of the particular sheep that were seized by the officer and redelivered to the defendant. No controversy existed respecting the party who had possession of the sheep. The court did not assume as true a disputed fact, but stated to the jury an incident respecting the identity of the yearlings which was admitted, and in such case the question need not be submitted to the jury. 34 Cyc. 1518. Exceptions were taken to the court's refusal to charge the jury as follows:

"This is what is known as a replevin action, and in a replevin action the plaintiff sues to recover certain specific property described in his complaint, and not property of a like or similar kind. Therefore you must find from the evidence that the sheep taken by the officer, Walter Palmer, under a writ of replevin in this case, were the identical sheep which the plaintiff alleges were taken by the defendant from plaintiff before you will be justified in finding for plaintiff. * * If you find from the evidence that there was or is a difference in value between the ewes and wethers mentioned in the complaint, then, before you can find for plaintiff, it is necessary that he has proved how many of the sheep were wethers and how many were ewes, and also the value of the ewes and the wethers separately, and, if there is no evidence from which you can with reasonable certainty calculate the value of the wethers and of the ewes separately and the total value, then your verdict must be for the defendant."

4. An exception was reserved to the following instruction wherein the court, after explaining the preponderance of evidence, charged the jury as follows:

"If the plaintiff has so established the allegations of his complaint, then your verdict should be for plaintiff in so

many sheep described in the complaint as you find belong to the plaintiff and are wrongfully withheld by the defendant, whether such number be one hundred or a less number, and you will also find and place in your verdict what you find to be the value of the said sheep so withheld; but if you find that the defendant did not take any of plaintiff's sheep, and that he is not wrongfully withholding any of plaintiff's sheep described in the complaint, then you should return your verdict to that effect and find for the defendant."

It is argued by defendant's counsel that the part of the charge so given did not cover their requests, and that errors were committed in denying their solicited instructions, and in charging the jury as last hereinbefore indicated. A text-writer in discussing the necessity of finding the value of separate articles, says:

"In replevin to recover a number of articles of different value having no identity of character, the verdict must assess the separate value of each of the different articles." Shinn, Rep. § 627.

It will be kept in mind that all the sheep undertaken to be recovered were yearlings. The bill of exceptions states that plaintiff testified that he found in the defendant's flock 90 of his sheep, consisting of 47 ewes and 43 wethers, which at the time of the trial were worth $4 per head. In an action of replevin, if the property has not been delivered to the plaintiff, the jury are required to assess its value if their verdict be in his favor. Section 153, B. & C. Comp. In *Pickett* v. *Bridges,* 10 Humph. (Tenn.) 171, Mr. Justice TURLEY, referring to a somewhat similar provision of the statute of Tennessee, says:

"Now, if all the property replevied be alike in its character, and not possessed of a distinct and separate quality, and be so described in the proceedings to be, a general assessment of value ought to be made. * * But if it be for distinct and separate articles having no identity of character, the value ought to be assessed for each distinct

and separate article, as if it be for a horse and a wagon, a negro, and a mule."

In *Guille* v. *Fook,* 13 Or. 577, 586 (11 Pac. 277, 281), Mr. Justice THAYER, in referring to the personal property described in a verdict, says: "There was undoubtedly a difference in the size and value of the hogs." In the case at bar, however, as the sheep were of a uniform age, they evidently had an identity of character, and the finding that the 90 head were worth $360 was equivalent to a verdict that they were of the value of $4 each, and in our opinion the finding is sufficient in that particular. No error was committed in denying the requests or in giving the instructions complained of.

5. An exception having been taken, it is contended that an error was committed in refusing to submit to the jury a special verdict respecting the character and value of the sheep in question. The statute relating to such findings is, so far as important herein, as follows:

"In every action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict upon all or any of the issues; and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing." Section 154, B. & C. Comp.

In construing this clause of the statute, it has been held that the refusal of the court to direct special findings was a matter within its discretion, and would not be reviewed on appeal. *Knahtla* v. *Oregon Short Line Ry. Co.,* 21 Or. 136 (27 Pac. 91) ; *White* v. *White,* 34 Or. 141 (50 Pac. 801 : 55 Pac. 645.)

Other errors are assigned; but, deeming them unimportant, the judgment is affirmed.                    AFFIRMED.