Argued December 9, 1915, affirmed January 11, 1916.

## REED v. MILLS.*

(154 Pac. 113.)

**Replevin—Essentials Necessary to Maintain Action of Claim and Delivery.**

1. The action of claim and delivery under Section 283, L. O. L., is purely possessory, and the gist is for the recovery of the possession of personal property wrongfully detained by the defendant and to establish plaintiff's right to possession at the time the action was commenced.

   [As to nature of the action of replevin, see note in 80 Am. St. Rep. 741.]

**Replevin—Possession of Bond Under Fraudulent Assignment.**

2. In an action to recover possession of a $1,000 bond under Section 283, L. O. L., plaintiff's reply alleged that the bond had been delivered by defendant to one G.; that such was without considera-

---

*On the right to maintain action to recover property in specie against one not in possession, see note in 18 L. R. A. (N. S.) 1265.

tion, and that the party in possession was only holding it in trust for defendant and subject to his control, and with knowledge of his intent to defraud plaintiff, the motion for nonsuit by defendant at the close of plaintiff's evidence in chief was properly overruled, for the reason an action will lie to recover possession of personal property where defendant has constructive possession as well as actual possession of the property.

**Replevin—Instruction as to Setoff in Action of Claim and Delivery.**

3. In an action of claim and delivery, an instruction to the effect that the only issue to be determined is whether plaintiff is entitled to the immediate possession of the personal property, and if so, the fact that plaintiff is indebted to defendant will not authorize defendant, without invoking the proper remedy at law, to take possession of plaintiff's property, and apply it or the proceeds thereof to the payment of his claim, is not erroneous.

**Replevin—Refusal to Give Requested Instruction in Claim and Delivery Action.**

4. To give the instruction requested by defendant would authorize a creditor, without applying the remedy of attachment, to unlawfully take possession of his debtor's personal property, and if sold before the action of claim and delivery could be commenced, apply the proceeds to the payment of his own demand, and return to such debtor the surplus, if any remained, which scheme the law will not countenance, and in refusing such instruction no error was committed.

**Appeal and Error—Mistake in Entering Judgment Corrected by Motion in Lower Court.**

5. Where in an action of replevin it appeared that the bond demanded had been sold and a new one issued in lieu thereof, and the canceled bond No. 232, series No. 1, of the Realty Associates of Portland, having been received in evidence, its number and series were entered in the judgment for plaintiff, and the judgment further provided that in case a return of said bond could not be had, then for the recovery of $850, the value thereof, and defendant failed to move to correct the judgment in this respect, such mistake is unavailing on appeal, for the reason that the proper way to correct an error in a judgment entry in replevin is by motion in the court in which it was rendered, and not by appeal.

From Wasco: WILLIAM L. BRADSHAW, Judge.

Department 1. Statement by MR. CHIEF JUSTICE MOORE.

This is an action by W. P. Reed and J. M. Reed against W. E. Mills, commenced June 14, 1914, to recover the possession of a bond for $1,000 issued by the Realty Associates of Portland, Oregon, and alleged to be unlawfully held by the defendant in Wasco

County, Oregon. The complaint is in the usual form. All of its material averments are denied in the answer, except that of the demand and the refusal to deliver the bond. For a further defense it is alleged, in effect, that between February 1, 1914, and May 1st of that year the plaintiffs were the owners of real property in Oregon, and at their solicitation the defendant, as a real estate broker, negotiated the sale of a part of their lands, whereby it became necessary for him to advance on their account $62.50 interest due on a mortgage upon the premises so sold, which sum they promised to repay; that, in connection with that sale, the defendant, at the plaintiff's request, procured for them a loan of $2,000, for which they promised to pay him $40; that between the dates last mentioned the defendant, at the plaintiffs' solicitation, negotiated the sale of other lands for them to L. W. Curtiss for $12,000, for which service they promised to pay him $600; that, in order to discharge these obligations, the plaintiffs delivered to the defendant the demanded bond, requesting him to sell it for not less than 80 per cent of its face value, promising to pay him, if sale were made, $100; that, pursuant to the latter agreement, the defendant, on April 28, 1914, sold and delivered the bond to C. L. Gavin for 85 per cent thereof; and that, after deducting from the proceeds of such sale the sums of money so due the defendant, there remained $47.50, which prior to the commencement of this action, he tendered to the plaintiffs, and upon their refusal to accept such money left it with the clerk of the court for them.

The reply denies the material averments of new matter in the answer, and for a further defense alleges, in substance, that the defendant voluntarily paid $62.50,

when only $43.50 was due, which latter sum the plaintiffs tender in full payment of the demand; that the defendant, acting for himself and L. W. Curtiss, negotiated an exchange of a part of the plaintiffs' land, for which they received a transfer of all the capital stock of The Dalles and Rockland Ferry at $3,000, a part of which stock was owned by the defendant; that, as further consideration, the plaintiffs received a conveyance of about four acres of land at The Dalles, Oregon, estimated to be worth $3,000, and also bonds of the Realty Associates of Portland, Oregon, of the face value of $6,000; that one of these bonds for $1,000 was never delivered to the plaintiffs, who consented that it might be sold by the defendant, but on April 2, 1914, no sale thereof having been made, they requested him to return the bond, with which demand he refused to comply, and delivered it to C. L. Gavin, who paid no consideration therefor, and held it in trust for the defendant and subject to the latter's control, and with knowledge of his intent to hinder, delay and defraud the plaintiffs.

Predicated on these issues, a trial was had resulting in a judgment for the return of bond No. 232, series No. 1, of the Realty Associates of Portland, Oregon, but, if return thereof could not be had, then for the recovery of $850, the value thereof, and the defendant appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *Mr. John Gavin* and *Mr. Robert R. Butler,* with an oral argument by *Mr. Gavin.*

For respondents there was a brief over the names of *Mr. M. R. Klepper* and *Mr. William H. Wilson,* with an oral argument by *Mr. Klepper.*

78 Or.—36

Opinion by MR. CHIEF JUSTICE MOORE.

1, 2. The plaintiffs having introduced their evidence in chief and rested, the defendant's counsel moved for a judgment of nonsuit on the ground of a failure to establish a cause sufficient to be submitted to the jury. This motion was denied, and it is contended that an error was thereby committed. It is argued by defendant's counsel that the pleadings conclusively show the defendant had sold and delivered the bond to C. L. Gavin April 28, 1914, or 44 days before this action was commenced, and, since their client did not have possession of the demanded property at that time, this cause should have been dismissed. It is maintained by plaintiffs' counsel, however, that, though the reply admits the defendant had delivered the bond to C. L. Gavin, the transfer was a pretense only, and that the defendant was at all times after it was so delivered in the constructive possession thereof.

The recovery of the possession of personal property, which, under Section 283, L. O. L., is denominated an action of claim and delivery, is substantially the ancient remedy of replevin, and is governed by the same rules which controlled the means originally employed to enforce that right. The action is strictly possessory, and its gist is the defendant's wrongful detention of the demanded property and the plaintiffs' right to the immediate possession thereof at the time the action is commenced.

"Replevin," says an author, "will not lie against one who at the time the action was instituted was neither in the actual nor constructive possession or control of the property, unless he has concealed, removed, or disposed of the same for the purpose of avoiding the writ": Cobbey, Replevin (2 ed.), § 64.

In *De Lore* v. *Smith,* 67 Or. 304, 309 (136 Pac. 13, 14, 49 L. R. A. (N. S.) 555), Mr. Justice McNARY, discussing this subject, observes:

"As an abstract proposition of law, this court has become wedded to the rule that, in order to maintain replevin, defendant should have either the actual or constructive possession of the property sought to be recovered at the time of the commencement of the action, so that defendant, if judgment be rendered against him, might make delivery thereof to plaintiff."

In the case at bar, if the assignment and delivery of the bond were made by the defendant before the action was commenced, ostensibly to remove it from his possession, though, in fact, he retained control thereof, the action was properly maintainable against him. This was the theory on which the cause was tried. When the motion for a judgment of nonsuit was interposed, the only testimony that had been offered was that given by the plaintiff W. P. Reed. The fact that he did not allude to what his counsel assert was a pretended assignment and delivery of the bond would not have authorized a summary dismissal of the action. In *Andrews* v. *Hoeslich,* 47 Wash. 220, 222 (91 Pac. 772, 125 Am. St. Rep. 896, 14 Ann. Cas. 1118, 18 L. R. A. (N. S.) 1265), it is said:

"Where, as in this case, property has actually been in appellant's possession, and has been wrongfully transferred by him without respondent's knowledge before the commencement of an action for the recovery of its possession, the rule that replevin will not lie against one not in possession at the time of the commencement of the action will not obtain."

To the same effect, see *Nichols* v. *Michael,* 23 N. Y. 264 (80 Am. Dec. 259, 262). No error was committed in denying the motion.

3, 4. An exception having been taken to a part of the court's charge, it is insisted by defendant's counsel that an error was committed in instructing the jury as follows:

"If you should find from the evidence that the plaintiffs are entitled to the bond, and should return a verdict in favor of the plaintiffs, your verdict would not prevent the defendant from recovering of the plaintiffs any amount that the plaintiffs may be owing to the defendant; in other words, you are not establishing the question as to whether plaintiffs owe the defendant or not. The question you are to try and determine is whether the plaintiffs delivered the bond to the defendant for the purpose of paying the items which the defendant says the plaintiffs owe him. If the bond was not delivered to the defendant for such purpose, then the plaintiffs would be entitled to recover the same, even if they owe the defendant each and all of the items which the defendant claims the plaintiffs owe him."

An exception having been taken by defendant's counsel to the court's refusal to give a requested instruction, it is maintained that an error was committed in declining to direct as follows:

"I charge you, gentlemen of the jury, that if you should find for the plaintiffs in this case, and find that the bond cannot be delivered, and should find that the plaintiffs have been damaged, you are to deduct from any amount which you may find due the plaintiffs from the defendant as damages the amounts which are due to the defendant, if any, for real estate commissions, negotiation of loan, commission on sale of bond, and for money advanced, and it is admitted and conceded in this case that the sum of $43.50 is due from the plaintiffs to the defendant, but whether or not the plaintiffs are entitled to recover in this case is a matter for you to determine, and the burden is upon the plaintiffs to prove their case, and, if they fail to do so, your verdict must be for the defendant."

The court permitted the defendant freely to offer testimony tending to prove the plaintiffs were indebted to him as alleged in the answer. This was done to substantiate the defendant's theory by showing a consideration for delivering the bond to him in payment of the plaintiffs' obligations. The plaintiffs' hypothesis was that the bond had been so delivered in order that a sale thereof might be made and the proceeds arising therefrom returned to them. If the latter theory was correct, the defendant had no right to appropriate the bond merely because the plaintiffs might have been indebted to him. In an action of claim and delivery the only issue that can be determined is the plaintiff's right to the immediate possession of the demanded personal property. The fact that a sum of money is due and owing does not authorize a creditor, without pursuing the remedy prescribed by law, to take possession of the debtor's personal property and apply it, or the proceeds arising therefrom, to the payment of his claim. No error was committed in giving the instruction first hereinbefore quoted.

It will be remembered that the reply admitted $43.50 was due the defendant on account of interest which, it was averred, he had voluntarily paid, and also alleged that the plaintiffs tendered that sum in full payment thereof. The plaintiffs' final pleading did not allege that this amount of money had been offered to the defendant, or that upon his refusal to accept it that sum had been left with the clerk of the court for him. The averment referred to is nothing more than a mere proposal to allow the defendant to take a judgment for the sum of $43.50. Such offer in an action of this kind is not good pleading, and might upon motion have been stricken from the reply. The

tender was probably set forth in the reply to show to the jury a willingness on the plaintiffs' part to deal justly with the defendant.

To sanction the giving of the requested instruction would permit a creditor, without pursuing the provisional remedy of attachment, to take possession of a debtor's personal property unlawfully, and, if it could be sold before an action of replevin were instituted, the creditor might from the proceeds pay his own demand and turn over to the debtor the surplus of the money, if any remained. While a creditor has an adequate remedy for the recovery of debts due him, the law will not countenance the scheme of obtaining payment of his demands as outlined in the requested instruction, in refusing to give which no error was committed.

5. The complaint did not particularly describe the bond undertaken to be recovered, probably because it had never been in the plaintiffs' possession, but at their request had been delivered to the defendant. It appeared at the trial that, though the bond had been sold, and a new one issued in lieu thereof, the canceled bond was received in evidence disclosing the number and series as hereinbefore set forth.

"The proper way to correct an error in entering a judgment in replevin," says a text-writer, "is by motion in the court in which it was rendered, not by appeal": Cobbey, Replevin (2 ed.), § 1092.

To the same effect is the case of *Ingersoll* v. *Bostwick,* 22 N. Y. 425.

It is difficult to understand how the defendant can be prejudiced by the judgment in the respect mentioned, since he cannot return the bond demanded. But, however this may be, the particularity of the judgment does not appear to have been called to the attention of

the trial court, so as to afford it an opportunity to correct the final determination, though a motion to set aside the verdict and judgment and to grant a new trial was interposed. The defendant's counsel not having specified the number and series of the bond as given in the judgment now complained of, any error committed in such final determination of the cause is unavailing on appeal.

It follows that the judgment should be affirmed, and it is so ordered.    AFFIRMED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.