Argued March 19, affirmed April 22, 1924.

# MAX LAUBHEIN ET AL., COPARTNERS, *v.* I. HOLSMAN.

### (225 Pac. 190.)

**Evidence—Attorney's Letter Merely Expressing Opinion as to Misbranding of Watches in Sellers' Action for Price Held Inadmissible.**

1. In a sellers' action for price of watches, the court did not err in excluding a letter from an alleged attorney for sellers who had the account against buyer for collection, and which was offered as an admission against interest, that sellers had misbranded the watches sold buyer, where the letter merely expressed an opinion and the writer was unidentified, except that he had sellers' account for collection.

**Sales—Whether Watches Misbranded or Deceit Practiced upon Buyer Held for the Jury.**

2. In a sellers' action for the price of watches, whether the watches were misbranded within Section 2233, Or. L., and whether or not deceit and misrepresentation had been practiced upon buyer, *held* for the jury.

**Trial—Instruction That, if Contract was Entered into Knowingly and in Good Faith, Sellers Could Recover, Held not Erroneous, When Taken With Other Instructions.**

3. In a sellers' action for price, an instruction that, if the contract was entered into by the parties knowingly, and their minds closed thereon, and it was not a contract to deceive or defraud the buyer, but one entered into in good faith on both sides, sellers could recover, when taken with other instructions, *held* not erroneous.

**Trial—Instruction That Sellers Could not Recover if Selling Misbranded Watches Held Properly Refused, Being Otherwise Covered.**

4. In a sellers' action for the price of watches, instructions that it was a violation of the law to sell misbranded goods, and that, if the watches were misbranded, sellers could not recover, were properly refused, where the subject was fully covered by other instructions given by the court, and the figures complained of as constituting the misbranding were not placed for advertising as the term is used in Section 2233, Or. L., or in such a manner as to attract attention or to mislead anyone.

**Appeal and Error—Trial—Refusal of Trial Court to Direct Verdict will not be Reviewed by Appellate Court.**

5. The refusal of the trial court to direct a special finding is a matter wholly within its discretion, and will not be reviewed by the appellate court.

From Multnomah: T. E. J. DUFFY, Judge.

Department 1.

This is an action at law.   The plaintiff sold to the defendant in New York 200 watch movements at the agreed price of $900.   Before purchasing the watch movements the defendant examined them.   Nothing was said at the time of the purchase about the terms of sale.   The invoice for the watches required payment within 10 days.   For that reason, the defendant refused to open the watches and returned them, claiming that, according to the custom between merchants, he should have 60 and 90 days.   Thereupon, the matter was adjusted giving to the defendant 90 days' time.   The defendant took offense at some of the correspondence and refused to receive the watch movements alleging that the movements were misbranded.   The watch movements have 15 jewels.   At the time of the purchase the defendant asked the plaintiffs the number of jewels and was informed that there were 15.   He then asked, why was it marked 75 instead of 15.   The plaintiffs informed him that they were not marked 75, that the figure he took for a 7 was a "fancy Swiss 1."   The only issue presented by this appeal is whether or not the watch movements are misbranded within the provisions of Section 2233, Or. L.   In the trial of the case in the Circuit Court exceptions were taken to the court's ruling sustaining plaintiffs' objection to the admission of a certain letter; to the instruction of the court to the jury herein set out in the opinion; and to the court's refusal to give two instructions requested.   These exceptions constitute the errors relied upon by the appellant on this appeal.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Chamberlain, Thomas & Kraemer, Mr. R. K. Powell,* and *Mr. John Shillock,* with an oral argument by *Mr. Otto J. Kraemer.*

For respondents there was a brief over the name of *Messrs. Gay & Hodges,* with an oral argument by *Mr. C. M. Hodges.*

COSHOW, J.—1. The court did not err in rejecting the offer of the defendant to introduce the letter from an alleged attorney for the plaintiffs who had the account against the defendant for collection. Considered in the light of the admitted facts, the letter merely expressed an opinion. It was offered as an ·admission against interest in this, that the letter apparently admitted the figure before the figure 5 marked and stamped on the back of the movements was a 7 instead of a 1. In the light of the other evidence this could not have been more than the expression of an opinion. The defendant admits that he was informed by the plaintiffs at the time he made the purchase that the movements had 15 jewels and that the figure was a "fancy Swiss 1" and not a 7. The defendant was not at all deceived, nor was any misrepresentation made to him.

2. The writer of the letter was not identified in any other way or manner than by reason of the fact that he claimed to have the account against the defendant for the watch movements for collection. One of the movements was introduced in evidence and was before the jury. In view of the fact that all the witnesses on the subject agreed that there was no such thing as a 75-jewel watch; that the defendants examined the watch movements, was informed by one of the plaintiffs that it was a 15-jewel

watch; and that the figure which might be mistaken for a 7 was not a 7 but a 1; as well as the other considerations mentioned herein, the letter was inadmissible. It was the province of the jury to determine whether or not the figure questioned was a 7 or a 1, and whether or not any deceit or misrepresentation had been practiced upon the defendant.

By its verdict, the jury determined that the watch movements were not misbranded so as to deceive the defendant. The alleged misbranding is on the back of the movements and is not such a misbranding as is described in Section 2233, Or. L. There is no evidence at all that it was being used as advertisement. There is no evidence that any false representation was made about it. In fact, not only does the evidence establish the contrary, but the admissions of defendant himself while a witness in his own behalf, excludes any idea that he was deceived or that there was any intention on the part of the plaintiffs to deceive or mislead him or anyone else. Not only was no bad intent shown, but, on the contrary, the evidence, including that of the defendant himself, clearly indicates that the utmost good faith was shown in the sale.

3. The instruction complained of is in the following language:

"There has been something said here about the laws of the State of Oregon * * upon that subject. I might say generally to the jury that you are not trying this case upon those laws. They are not before you. You are trying this case on the question of the contract. You will look into the evidence, gentlemen, to see what the contract was between those parties, and I might say here, in that connection, as an instruction to you, that after looking into that contract if you find from a preponderance of the evidence that the contract was one entered

111 Or.—6

into by the parties knowingly, and that their minds closed upon the contract, and that it was not a contract to deceive or defraud the defendant, but one entered into by the parties in good faith on both sides, then you would be entitled to find a verdict for the plaintiff in the amount prayed for in the complaint.''

This instruction contains no reversible error. Together with the other instructions given, it is adapted to the facts of the particular case and accurately states the law as applied to the case at bar.

The defendant requested the following instruction:

"Gentlemen of the jury: I instruct you that if you find that the watches are misbranded, then it is your duty to find for the defendant, and I so instruct you to bring in your verdict.''

"Gentlemen of the jury: Under the Oregon laws it is a violation thereof, penal in nature, to sell misbranded goods and if you find from the evidence that these watches are misbranded, then the plaintiffs cannot come into court of justice to enforce their claims no matter how wrong you find the defendant to be.''

4. The court did not err in refusing to give the instructions requested by the defendant. The court fully covered the matter in its instructions intended to be covered by the instructions requested by the defendant so far as that matter was applicable and material. The instructions requested by the defendant assume too much. The evidence is not sufficient to justify the assumption. The figures complained of on the back of the movements were not placed for advertising as that term is used in Section 2233, Or. L. These figures were not placed in a way to attract attention. When the movements were placed in a case, they could not be seen by the purchaser unless the case was opened and his attention was

specifically drawn to them. He could not be deceived or misled unless the figures were supplemented by false representations on the part of the seller. In themselves, they do not show any intent to mislead, deceive or falsify. The evidence is conclusive that there is no such thing as a 75-jewel watch. The defendant testified, as did his manager, that 24 jewels were the most he knew of any watch having. The defendant testified that he had heard of a 40-jewel watch, but he had never seen one. His manager had never heard of such a thing as a 40-jewel watch. While the figure might be mistaken for a 7, yet, a comparison with it and the 5 following it, clearly shows it is not a 7 of the same style of figure as the 5; is not a 7 when compared with the figures on the dial. None but the most ignorant and unwary could be misled by it even if the seller should attempt to mislead by misrepresenting the true intent of the figure in dispute. There is no evidence that it was intended as an advertisement or display with the intent of misleading anybody. The use of false tokens by way of advertisement with the intent of misleading the public is the gist of Section 2233, Or. L.

5. The defendant also complains because his request for a special verdict was refused by the court.

"The refusal of the court to direct a special finding is a matter wholly within its discretion, and will not be reviewed by the appellate court." *Fox* v. *Tift,* 57 Or. 268, 275 (111 Pac. 51, Ann. Cas. 1912D, 845).

The court did not err in refusing to direct the jury to make a finding as requested by the defendant.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BROWN and RAND, JJ., concur.